# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEXSTEP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1031-RGA-SRF |
| | ) | |
| COMCAST CABLE | ) | |
| COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

### I. INTRODUCTION

Presently before the court in this patent infringement action is defendant Comcast Cable Communications, LLC's ("Comcast") partial motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (D.I. 10) For the reasons that follow, the court recommends GRANTING-IN-PART and DENYING-IN-PART Comcast's motion to dismiss.

### II. BACKGROUND

On June 3, 2019, plaintiff NexStep, Inc. ("NexStep") originally filed this patent infringement action against Comcast, alleging infringement of nine patents, United States Patent Numbers 7,444,130 ("the '130 patent"), 7,542,753 ("the '753 patent"), 7,697,669 ("the '669 patent"), 7,907,710 ("the '710 patent"), 8,280,009 ("the '009 patent"), 8,494,132 ("the '132 patent"), 8,885,802 ("the '802 patent"), 9,614,964 ("the '964 patent"), and 9,866,697 ("the '697 patent") (collectively, the "patents-in-suit"). (D.I. 1 at ¶¶ 10-18) The United States Patent and

---

[1] The briefing for the present motion is as follows: defendant's opening brief (D.I. 11), plaintiff's answering brief (D.I. 13), and defendant's reply brief (D.I. 15).

Trademark Office ("USPTO") issued the patents-in-suit to Dr. Robert Stepanian ("Dr. Stepanian"), the founder of NexStep, between 2008 and 2018. (*Id.* at ¶¶ 8, 10-18) The patents-in-suit relate to systems and methods for controlling and integrating a variety of devices, "such as TVs, set-top boxes, DVRs, VoIP (telephone) systems, and home devices (e.g., security cameras, electrical outlets, and thermostats)," using a hand-held device. (*Id.* at ¶ 19) Comcast provides Internet, video, voice, and security services. (*Id.* at ¶ 24) NexStep alleges that Comcast's modems, gateways, routers, set-top boxes, remote controls, home security sensors and video surveillance cameras, smartphone and tablet devices, and smartphone applications for controlling and integrating these devices are infringing products. (*Id.*) Comcast "markets and sells these services, equipment and apps under the Xfinity brand name ('Xfinity Services')." (*Id.*)

NexStep alleges that on June 29, 2007, Dr. Stepanian met with Comcast's Chief Technology Officer ("CTO") and Director of Digital Technology and Standards to provide an overview of NexStep's technology and explain how Comcast could implement that technology in Internet, voice, video, and Home services. (*Id.* at ¶ 20) Dr. Stepanian provided examples of handheld devices for controlling and integrating various services. (*Id.*) On August 23, 2007, Dr. Stepanian met with Comcast's Vice President of Product Management and provided a written summary of NexStep's remote control product and technology. (*Id.* at ¶ 21) Dr. Stepanian noted that his technology was covered by issued and pending patent applications and provided further written materials to Comcast after his meetings. (*Id.* at ¶¶ 22-23) Ultimately, Comcast indicated that it would not work with NexStep because it was developing its own similar technology. (*Id.* at ¶ 23)

On July 25, 2019, Comcast filed the present motion to dismiss. (D.I. 10)

## III. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs. Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### a. Willful Infringement

To plead willful infringement, a plaintiff must allege facts plausibly showing that "as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Välinge Innovation AB v. Halstead New England Corp.*, C.A No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018).

Comcast argues that NexStep fails to allege Comcast's pre-suit knowledge of any of the asserted patents, which issued after Dr. Stepanian's meetings with Comcast in 2007. (D.I. 11 at 5-8) NexStep argues that it has sufficiently pleaded factual allegations of Comcast's knowledge of the patents-in-suit. (D.I. 13 at 6-8 & n.1) The complaint avers that Dr. Stepanian disclosed that his "technology was covered by issued and pending patent applications." (D.I. 1 at ¶ 22) Furthermore, the complaint claims that Comcast's knowledge of NexStep's technology stems from its negotiations with Dr. Stepanian. (*Id.* at ¶¶ 62, 85, 111, 134, 159, 179, 201, 236, 262) The oldest patent-in-suit, the '130 patent, was issued on October 28, 2008. (*Id.* at ¶ 10) The other patents-in-suit were issued over the next several years, with the most recent, the '697 patent, being issued on January 9, 2018. (*Id.* at ¶¶ 11-18) NexStep argues that the applications for the patents-in-suit were filed as early as August 19, 2005 and, therefore, these patents do not post-date Dr. Stepanian's 2007 meetings with Comcast. (D.I. 13 at 6 n.1)

This court has noted that:

> [t]o willfully infringe a patent, the patent must exist and one must have knowledge of it. A "patent pending" notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.

*Robocast, Inc. v. Microsoft Corp.*, 21 F. Supp. 3d 320, 334 (D. Del. 2014) (quoting *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)). NexStep has failed to plausibly plead pre-suit knowledge of the patents-in-suit because, when Dr. Stepanian met with Comcast, none of the patents-in-suit had issued.[2] *See id.*; *Välinge Innovation AB*, 2018 WL 2411218, at *12-13.

However, NexStep argues that Comcast had notice of the patents-in-suit and its alleged infringement at least as of the filing date of the complaint. (D.I. 13 at 7) The complaint notifies Comcast of the patents that it is accused of infringing and includes factual allegations of Comcast's continued infringing activities. (D.I. 1 at ¶¶ 53, 74, 85, 98, 111, 134, 146, 159, 171, 179, 191, 201, 214, 236, 248, 262) Therefore, the complaint states a claim for post-suit willful infringement. *See DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016) (concluding that plaintiff's general allegations of willful infringement and notice provided by the complaint withstood motion to dismiss willful infringement claim); *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016) (denying

---

[2] Comcast also cites *CG Technology Development, LLC v. William Hill U.S. Holdco, Inc., et al.*, C.A. No. 18-533-RGA, 2019 WL 4055000 (D. Del. Aug. 28, 2019), to support its assertion that plaintiff has failed to allege pre-suit knowledge. (D.I. 17) Although NexStep argues that *CG Technology Development* is distinguishable, the court similarly addressed failure to allege pre-suit knowledge when the patents at issue had yet to be issued. (D.I. 18) *See also CG Technology Development*, 2019 WL 4055000, at *6-8.

5

motion to dismiss with respect to post-suit willful infringement because the complaint provided notice of the patents-in-suit and allegedly infringing activities).

Therefore, the court recommends granting Comcast's motion to dismiss as to NexStep's pre-suit willful infringement claims under Counts I, III, V, VII, IX, XI, XIII, XV, and XVII without prejudice. Furthermore, the court recommends denying-in-part Comcast's motion to dismiss as to NexStep's post-suit willful infringement claims under Counts I, III, V, VII, IX, XI, XIII, XV, and XVII. NexStep seeks leave to amend to cure any deficiency in its pleading (D.I. 13 at 15-16), and the court recommends granting leave to amend.

### b. Induced Infringement

To establish indirect infringement, a patent owner has two available theories: active inducement of infringement or contributory infringement. *See* 35 U.S.C. § 271(b) & (c). Liability for indirect infringement may arise "if, but only if, [there is] . . . direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961) (emphasis omitted)).

Under 35 U.S.C. § 271(b), "whoever actively induced infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted). "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). To adequately plead a cause of action for induced infringement, the plaintiff must allege that at least one direct infringer exists, that defendants had knowledge of the patent(s), that defendants

specifically intended that their customers would infringe, and that those acts constituted infringement. *See Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 966 F. Supp. 2d 390, 394 (D. Del. 2013).

In support of its motion to dismiss, Comcast contends that the complaint fails to allege pre-suit knowledge of the patents-in-suit. (D.I. 11 at 8-9) The complaint alleges that Comcast "knew about NexStep's patented technology by at least 2007." (*See, e.g.*, D.I. 1 at ¶ 65) A claim for induced infringement requires "knowledge of the existence of *the patent* that is [allegedly] infringed." *Princeton Digital Image Corp. v. Ubisoft Entertainment SA*, C.A. No. 13-335-LPS-CJB, 2016 WL 6594076, at *4 (D. Del. Nov. 4, 2016) (quoting *Global-Tech*, 563 U.S. at 765-66) (emphasis added). NexStep alleges that Comcast was on notice and had knowledge of its technology by 2007, following Dr. Stepanian's meeting. (D.I. 1 at ¶ 65; D.I. 13 at 9) However, the complaint does not allege that Comcast had knowledge of the patents-in-suit. The first patent-in-suit was issued in 2008, one year after Dr. Stepanian's meeting with Comcast. (D.I. 1 at ¶¶ 10-18, 20-23) *See Global-Tech*, 563 U.S. at 765-66; *Robocast, Inc.*, 21 F. Supp. 3d at 334. The complaint does not plead factual allegations of Comcast having knowledge of the technology or patents-in-suit, apart from the 2007 meeting. (*See, e.g.*, D.I. 1 at ¶ 65) Therefore, plaintiff has failed to plausibly allege facts to support an inference that defendant had pre-suit knowledge of the patents-in-suit. *See Deere & Company v. AGCO Corp.*, C.A. No. 18-827-CFC, 2019 WL 668492, at *7 (D. Del. Feb. 19, 2019).

NexStep argues that "[p]re-suit knowledge is not required to plead induced infringement." *KOM Software Inc. v. NetApp, Inc.*, C.A. No. 18-160-RGA, 2018 WL 6167978, at *2 (D. Del. Nov. 26, 2018) (citing *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012)). Furthermore, NexStep contends that pre-filing notice is only relevant

with respect to damages for induced infringement. (D.I. 13 at 10) NexStep cites *Blitzsafe* for this proposition, but the court in *Blitzsafe* did not discuss pre-filing notice within the context of induced infringement. *See Blitzsafe*, 2016 WL 4778699, at *5-6. "[T]he filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement *occurring after the filing date*." *SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) (emphasis added). Courts in this district have "par[ed] inducement claims down by time period when Plaintiff fails to adequately plead pre-suit inducement." *DoDots Licensing Solutions LLC v. Lenovo Holding Company, Inc.*, C.A. No. 18-98-MN, 2019 WL 3069773, at *4 (D. Del. July 12, 2019). In this regard, NexStep has pleaded a claim for post-filing induced infringement, as the filing of the complaint provides knowledge of the patents-in-suit.

Therefore, the court recommends granting-in-part Comcast's motion to dismiss with respect to NexStep's pre-suit induced infringement claims under Counts II, IV, VI, VIII, X, XII, XIV, XVI, and XVIII without prejudice.

### c. Vicarious Liability

To support a theory of vicarious liability, plaintiff must allege that third parties acted as the defendant's agent or that, through its contractual agreements, Comcast directed its customers to combine the accused systems in an infringing manner.[3] *See Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011); *see also Joao Control & Monitoring Sys. of California, LLC v. Sling Media, Inc.*, 2012 WL 3249510, at *6-9 (N.D. Cal. Aug. 7, 2012).

---

[3] Comcast moves for dismissal of the vicarious liability claims alleged only as to the "system claims" in the '130 patent, the '753 patent, the '669 patent, the '710 patent, the '132 patent, and the '802 patent. (D.I. 1 at ¶¶ 53, 74, 98, 123, 171, 191; D.I. 11 at 9 n.10)

Here, the parties dispute whether Comcast's customers were contractually obligated, under Comcast's customer agreement and subscriber agreement, to use the accused products in an infringing manner. Plaintiff argues that in order to use Comcast's products and services, customers must agree to Comcast's customer agreements and subscriber agreements, which eliminate customer choice. (D.I. 13 at 10-13) The complaint alleges that Comcast's customer agreements restrict customers from modifying hardware and software "in a manner that is not approved by Defendant." (D.I. 1 at ¶ 26) The complaint avers that, under Comcast's customer agreements, customers agree to allow Comcast to install and modify customer equipment. (*Id.* at ¶¶ 26-27) However, the complaint also alleges that "customer equipment" is defined in Comcast's subscriber agreement as "software, hardware or services *that you choose to use* in connection with the Service(s) and that is not provided or leased by us or our agent." (*Id.* at ¶ 27) (emphasis added)

NexStep asserts that *Rembrandt* is instructive, here. (D.I. 13 at 12) However, the court in *Rembrandt* analyzed the sufficiency of plaintiff's allegations of direct infringement, not vicarious liability. *See Rembrandt Social Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 884-87 (E.D. Va. 2013).

Plaintiff fails to plead factual allegations that Comcast contractually obligated customers to make and use the claimed systems. Comcast argues that this case is analogous to *Acceleration Bay*, wherein the court determined that the defendant was not vicariously liable for its customers' actions because each customer could choose whether to install the accused software. *See Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470, 482 (D. Del. 2018); *see also Joao Control & Monitoring Sys.*, 2012 WL 3249510, at *7 ("To allow a vicarious liability claim based solely on a customer relationship . . . would run afoul of the Federal Circuit's

9

warning in *BMC* that 'expanding the rules governing direct infringement to reach independent conduct of multiple actors would subvert the statutory scheme for indirect infringement.'" (internal citation omitted)). NexStep attempts to distinguish *Acceleration Bay* by noting that the equipment used by Comcast's customers was sold, installed, and/or controlled by Comcast. (D.I. 13 at 11-12) However, this case is similar to *Acceleration Bay* in that NexStep has alleged that customers can choose which services and products to purchase and use. (D.I. 1 at ¶¶ 25, 27) NexStep has not pleaded any factual allegations that customers are contractually obligated to purchase and use products in an allegedly infringing manner. (*See id.* at ¶¶ 24-44) Furthermore, the court in *Acceleration Bay* made its determination regarding vicarious liability based upon whether customers were contractually obligated to use products in an infringing manner or whether there was customer choice, not whether the defendant sold, installed, or otherwise controlled the allegedly infringing products. *See Acceleration Bay*, 324 F. Supp. 3d at 482.

Therefore, the court recommends granting Comcast's motion to dismiss with respect to NexStep's vicarious liability claims under Counts I, III, V, VII, XI, and XIII without prejudice.

### d. Joint Infringement

To adequately plead a theory of joint infringement, a plaintiff must show that "one entity 'directs or controls' the other's performance, or that the actors 'form a joint enterprise.'"[4] *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 330515, at *1 (D. Del. Jan. 25, 2019).

---

[4] NexStep makes no "joint enterprise" allegations. (D.I. 11 at 12 n.13)

> Proof that a defendant engaged in joint infringement by directing and controlling another party's infringing conduct can be shown where the defendant (1) conditions participation in an activity or receipt of a benefit upon others' performance of one or more steps of a patented method, and (2) establishes the manner or timing of that performance.

*Id.* (internal quotation marks, citations, and emphasis omitted) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015)).

Comcast argues that NexStep fails to plead factual allegations that Comcast directs or controls its customers to practice the claimed methods. (D.I. 11 at 12-14) NexStep counters that the complaint alleges that the benefits of the accused Comcast products and services are contingent upon customers entering into Comcast's customer agreements and policies. (D.I. 13 at 14-15; D.I. 1 at ¶¶ 25-27) Furthermore, NexStep contends that Comcast "directs or controls" its customers with detailed instructions and user guides that direct customers to use services and products in an infringing manner. (D.I. 13 at 14-15; D.I. 1 at ¶¶ 25-26)

The complaint alleges that Comcast instructs customers on how to install equipment so that its products and services operate and integrate properly. (D.I. 1 at ¶¶ 25-26) The complaint includes citations to Comcast's advertisements that instruct and encourage users to use Comcast products in an allegedly infringing manner. (*Id.* at ¶¶ 24-25, 30-31, 33, 35-36) Although Comcast argues that there are no factual allegations that Comcast requires its customers to download its free software application on a smartphone, the complaint alleges that Comcast instructs customers to use its Xfinity Services, including the Xfinity App, which provides further instructions as to how to use the Xfinity App with other devices. (D.I. 11 at 13; D.I. 1 at ¶¶ 249, 251, 253-254, 257-258) Comcast contends that it is a customer's choice as to whether or not to use the Xfinity App, but cites no legal authority that such customer choice is fatal to adequately pleading joint liability. (D.I. 11 at 13)

The complaint avers that Comcast exercises and retains control over all hardware and software, and directs its customers to use the Xfinity Apps to control Comcast products and services. (D.I. 1 at ¶¶ 28, 37) Accordingly, NexStep adequately alleges the manner and timing of the performance of at least one claimed method step by directing the manner in which customers interact and combine Comcast's products and services. (*Id.* at ¶¶ 242-263)

The allegations in the complaint are adequate to support an inference that the benefits of Comcast's products can be obtained only if the parties using the products follow the directions given by Comcast. "Whether the facts alleged in the complaint will ultimately be determined to be sufficient to constitute 'direction or control'" is a question for resolution at a later stage of the litigation. *IOENGINE*, 2019 WL 330515, at *3. At this stage, all the court can decide is whether the complaint states facially plausible claims. Accordingly, plaintiff has adequately pleaded a claim of joint infringement. Therefore, the court recommends denying Comcast's motion to dismiss with respect with NexStep's joint infringement claims under Counts IX, XV, and XVII.[5]

## V. CONCLUSION

For the foregoing reasons, the court recommends granting-in-part and denying-in-part the defendant's motion to dismiss. (C.A. No. 19-1031, D.I. 10) Furthermore, the court recommends granting plaintiff ten (10) days to file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10)

---

[5] Although the complaint frames these counts as "vicarious liability" claims, vicarious liability is commonly referred to as "joint infringement" for method claims such as those alleged in the '009 patent, the '964 patent, and the '697 patent. (D.I. 1 at ¶¶ 146, 214, 248; D.I. 11 at 9 n.10, 12 n.12)

pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 31, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE