# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXSTEP, INC., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 19-1031-RGA-SRF |
| COMCAST CABLE COMMUNICATIONS, LLC a Delaware Limited Liability Company | ) ) ) ) ) |
| Defendant. | ) ) |

## **PROPOSED RULE 16 SCHEDULING ORDER**

This ___ day of _____ , 20__, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1 on **October 28, 2019**, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **February 28, 2020**.

2. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before **December 4, 2020**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   a. Rule 26(a)(1) Initial Disclosures. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **November 15, 2019**.

b. <u>E-Discovery Default Standard</u>. The parties reviewed the Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference, with the exception that to the extent the default deadlines conflict with the dates listed in Appendix A, attached hereto, Appendix A shall govern.

c. <u>Document Production</u>. Document production shall be substantially completed by **July 10, 2020.**

d. <u>Interrogatories</u>. A maximum of 25 interrogatories shall be served by each side.

e. <u>Contention Interrogatories</u>. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

f. <u>Requests for Admission</u>. A maximum of 25 requests for admission shall be served by each side. Requests for Admission that a document is authentic and a business record do not count against this total.

g. <u>Depositions</u>.

i. <u>Timing</u>. In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of substantial document production.

ii. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a maximum of 70 hours for taking fact depositions. Defendant may take the Rule 30(b)(1)

deposition of Mr. Stepanian, the named inventor of the Asserted Patents, for up to 14 hours, in his capacity as an individual witness under Rule 30(b)(1), with additional time to the extent he is designated on behalf of Plaintiff under Rule 30(b)(6), which will count against Defendant's 70 hour limit for taking fact depositions.

      iii.  <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    h.  <u>Disclosure of Expert Testimony</u>.

      i.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 21, 2021**.

      ii.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 24, 2021**.

      iii.  Reply expert reports from the party with the initial burden of proof are due on or before **March 24, 2021**.

      iv.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. All expert discovery shall be completed by **April 28, 2021.** Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    i.  <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*,

509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than and no more than ten days before the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        j.    <u>Fact Witnesses to be Called at Trial</u>.

            i.    Within one (1) month following the close of expert discovery, each party shall serve on the other party a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.

            ii.    Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

            iii.    The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

        k.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

            i.    Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[1] the moving party (i.e., the party seeking relief from the Court) shall file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

---

[1] Counsel are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

ii. The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by the Court, generally not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include a proposed order, attached as an exhibit, setting out the nature of the relief requested.

iii. On the date set by the Court, generally not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition.

iv. Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

vii. Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

3. **Narrowing of the Asserted Claims and Prior Art References**

   a. At the time of Plaintiff's disclosures pursuant to Paragraph 4.c of the Default Standard, Plaintiff shall serve a First Election of Asserted Claims, which shall identify no more than [**Plaintiff's Proposal:** 50 claims total][2]

---

[2]The asserted claim election does not prevent Plaintiff from referring to other patents or claims solely for background purposes or to show the ongoing innovation that Plaintiff is continuing to develop.

[**Defendant's Proposal:** 5 claims per patent and no more than 40 claims total].

b. At the time of Defendant's disclosures pursuant to Paragraph 4.d of the Default Standard, Defendant shall serve a First Election of Prior Art with its Initial Invalidity Contentions, which shall be limited to [**Plaintiff's Proposal:** 1.5 invalidity grounds for each asserted claim (either an anticipatory reference or a specific combination of references)] [**Defendant's Proposal:** no more than 120 prior art references. If Plaintiff is permitted 40 claims total (as Defendant proposes), then no more than 200 prior art arguments[3]; If Plaintiff is permitted 50 claims total (as Plaintiff proposes), then no more than 250 prior art arguments].[4]

c. Within 21 days after the Court's claim construction Report & Recommendation, Plaintiff shall serve a Second Election of Asserted

---

[3] A "prior art argument" shall be understood to be an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious (i.e., "single reference obviousness"); or (3) a combination of references renders a claim obvious. Thus, for example, if Defendant relies on prior art reference A for anticipation and for single-reference obviousness as to claim 1 of a patent, that will count as two separate prior art arguments. If Defendant also relies on prior art references A+ B for obviousness and A+ B + C for obviousness as to claim 1 of the patent, that will count as two more, separate, prior art arguments. Additionally, prior art arguments shall be counted on a per-claim basis, meaning that if Defendant asserts that prior art reference A anticipates claim 1 of a patent, and that prior art reference A also anticipates claim 2 of that patent, that will count as two prior art arguments. Further, a "prior art argument" shall consist of those reference(s) that Defendant utilizes to show the existence of claim limitation(s) in the prior art. *Nuance Commc'ns, Inc. v. MModal LLC*, C.A. No. 17-1484 (JFB)(SRF) (D. Del. Aug. 3, 2018).

[4] The prior art election requirements set forth herein do not require election or disclosure of references relied on solely for background purposes or to show the state of the art. The prior art election requirements set forth herein apply only to references that Defendant utilizes to show the existence of claim limitations in furtherance of Defendant's anticipation and/or obviousness analyses.

Claims, which shall identify no more than [**Plaintiff's Proposal:** 30 claims total] [**Defendant's Proposal:** 3 claims per asserted patent, and no more than 20 claims total].

d. Within 30 days after the Second Election of Asserted Claims, Defendant shall serve a Second Election of Prior Art, which shall be limited to no more than [**Plaintiff's Proposal:** 1.5 invalidity grounds per asserted claim] [**Defendant's proposal:** 60 prior art references. If Plaintiff has 20 claims total (as Defendant proposes), then no more than 80 prior art arguments; If Plaintiff has 30 claims total (as Plaintiff proposes), then no more than 120 prior art arguments].

e. On or before **July 23, 2021**, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than **[Plaintiff's Proposal:** 20 claims total] [**Defendant's Proposal:** 2 claims per asserted patent, and no more than 10 claims total].

f. **On or before August 6, 2021**, Defendant shall serve a Final Election of Prior Art, which shall be limited to no more than [**Plaintiff's Proposal:** 1.5 invalidity grounds per asserted claim] [**Defendant's Proposal**: 25 prior art references. If Plaintiff has 10 claims total (as Defendant proposes), then no more than 20 prior art arguments; If Plaintiff has 20 claims total (as Plaintiff proposes), then no more than 40 prior art arguments].

4. **Application to Court for Protective Order**. Counsel agree it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of

confidential information. Counsel have conferred and attempted to reach an agreement on a proposed form of order and will submit it to the Court **within fourteen (14) days of the entry of this Order**. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 2(k) above.

Any proposed protective order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

5. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7. **ADR Process**. This matter was discussed during the Rule 16 scheduling conference. The call will be referred to a magistrate judge for ADR purposes.

8. **Interim Status Report**. On **March 6, 2020** and **March 26, 2021**, counsel shall submit joint interim reports to the Court on the nature of the matters in issue and the progress of discovery to date.

9. **Status Conference**. On **March 13, 2020** and **April 8, 2021**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ \_.m. Plaintiff's counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10. **Claim Construction Issue Identification**. On or before **April 30, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. Two weeks after exchanging the lists of terms (**May 14, 2020)**, the parties shall exchange their proposed claim constructions of the identified term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging their constructions, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 21, 2020**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. **Claim Construction Briefing**. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages: **June 11, 2020**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages: **July 2, 2020**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages: **July 23, 2020**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, **August 7, 2020**. No later than **August 14, 2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiff's Opening Position

        2. Defendant's Answering Position

        3. Plaintiff's Reply Position

        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

12. Beginning at **10:00 AM on September 15, 2020**, the Court will hear evidence and argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which Plaintiff's reply claim construction brief is due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they would like to have allocated to them for the hearing.

13. The court shall issue its decision on claim construction by **October 30, 2020.**

14. **Case Dispositive Motions**. All case dispositive motions and *Daubert* motions, and opening briefs, and affidavits, if any, in support of the motion shall be served and filed on or before **May 14, 2021**. Briefing will be presented pursuant to the Court's Local Rules, except as modified during the scheduling conference. If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court. No case-dispositive motion under Rule 56 or Daubert motion may be filed more than ten (10) days before the above date without leave of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[5]

15. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. **Pretrial Conference**. On **September 3, 2021**, the Court will hold a Pretrial Conference in Court with counsel beginning at 9:00 AM. Unless otherwise ordered by the Court,

---

[5] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order one week before the Pretrial Conference. Unless otherwise ordered by the Court, the parties shall comply with the time frames set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17. **Motions *in Limine***. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. **Jury Instructions, *Voir Dire*, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file joint (i) proposed *voir dire*, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. That submission shall be

accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19. **Trial**. This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on **September 20, 2021** with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

/s/_____

UNITED STATES MAGISTRATE JUDGE

# Appendix A: Proposed Schedule

| EVENT | PROPOSED DEADLINES |
|---|---|
| Rule 16 Conference | 10/28/2019 (11:00 AM) |
| Initial Disclosures | 11/15/2019 |
| Application to Court for Protective Order | Within fourteen (14) days of the entry of this Order |
| ESI Initial Disclosures pursuant to Default Standard for Discovery, Section 2.b | 11/27/2019 |
| Disclosure of Asserted Patents, Accused Products, and File Histories pursuant to Default Standard for Discovery, Section 4.a | 12/11/2019 |
| Core Technical Document Production, pursuant to Default Standard for Discovery, Section 4.b | 1/24/2020 |
| Joinder of Other Parties and Amendment of Pleadings | 2/28/2020 |
| Interim Status Report on Discovery | 3/6/2020 |
| Initial Infringement Contentions, pursuant to Default Standard for Discovery, Section 4.c, and First Election of Asserted Claims | 3/13/2020 |
| Status Conference (Telephonic) | 3/26/2020 (Subject to the Court's Calendar) |
| Initial Invalidity Contentions, pursuant to Default Standard for Discovery, Section 4.d, and First Election of Prior Art | 4/24/2020 |
| Exchange list of claim terms/phrases for construction | 4/30/2020 |
| Exchange proposed claim constructions | 5/14/2020 |
| Joint Claim Construction Chart | 5/21/2020 |
| Opening Claim Construction Brief (Plaintiff) | 6/11/2020 |
| Answering Claim Construction Brief (Defendant) | 7/2/2020 |
| Substantial Completion of Document Production | 7/22/2020 |

| EVENT | PROPOSED DEADLINES |
|---|---|
| Reply Claim Construction Brief (Plaintiff) | 7/23/2020 |
| Sur-Reply Claim Construction Brief (Defendant) | 8/7/2020 |
| Joint Claim Construction Brief | 8/14/2020 |
| Claim Construction Hearing | 9/15/2020 (10:00 AM) |
| Second Election of Asserted Claims | 21 days after Markman Order issues |
| Second Election of Prior Art | 30 days after the Second Election of Asserted Claims |
| Fact Discovery Cutoff | 12/4/2020 |
| Opening/Burden of Proof Expert Reports | 1/21/2021 |
| Rebuttal Expert Reports | 2/24/2021 |
| Reply Expert Reports | 3/24/2021 |
| Interim Status Report on Discovery | 3/26/2021 |
| Status Conference (Telephonic) | 4/8/2021 |
| Close of expert discovery | 4/28/2021 |
| Case Dispositive Motions and Daubert Motions – Opening Briefs | 5/14/2021 |
| Serve list of each fact witness to be called at trial | 5/28/2021 |
| Case Dispositive Motions and Daubert Motions – Opposition Briefs | 6/11/2021 |
| Serve list of rebuttal fact witnesses to be called at trial | 6/28/2021 |
| Case Dispositive Motions and Daubert Motions – Reply Briefs | 7/6/2021 |
| Final Election of Asserted Claims | 7/23/21 |
| Last day to depose fact witnesses on the trial list | 7/28/2021 |
| Final Election of Prior Art | 8/6/2021 |
| Joint proposed final pretrial order | 8/27/2021 |

| EVENT | PROPOSED DEADLINES |
|:---:|:---:|
| Pre-trial Conference | 9/3/2021 (9:00 AM) |
| Trial | 9/20/2021 (9:30 AM) |