# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

---

302 658 9200
302 658 3989 Fax

**Brian P. Egan**
302 351 9454
began@mnat.com

January 22, 2020

The Honorable Sherry R. Fallon             *VIA ELECTRONIC FILING*
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 North King Street, Unit 14
Wilmington, DE 19801

      Re:    *NexStep, Inc. v. Comcast Cable Communications, LLC*
              C.A. No. 19-1031 (RGA)(SRF)

Dear Judge Fallon:

      Defendant Comcast Cable Communications, LLC ("Comcast") submits this letter to address outstanding disputes regarding the proposed protective order. The parties disagree on three sections of the proposed order. Two of the sections relate to the protection of Comcast's restricted confidential source code. The third involves the prosecution bar. The proposed protective order, with the disputed provisions highlighted, was attached to Plaintiff NexStep Inc.'s ("NexStep") submission as Exhibit A. Also attached is Comcast's Exhibit 1, a proposed order adopting Comcast's proposed provisions.

      Because Comcast will be producing source code, it has proposed reasonable measures intended to prevent the improper disclosure of its source code while also ensuring NexStep's ability to review source code pertinent to its allegations. Similarly, Comcast proposes a prosecution bar designed to ensure that attorneys for either side who access source code and other highly confidential materials do not engage in related prosecution activity. In contrast, NexStep wants Comcast's source code to be stored and transmitted in an unsecured manner without appropriate recordkeeping and seeks to narrow the scope of the prosecution bar. For the reasons that follow, Comcast requests that the Court adopt its proposals.

**<u>Disputes Regarding the Production of Source Code</u>**

      Source code is a company's "most sensitive and confidential property" such that "[w]hen disclosed in U.S. litigation, extreme measures are ordered to protect [source code] confidentiality." *Via Vadis Controlling GmbH v. Skype, Inc.*, No. 12-MC-193-RGA, 2013 WL 646236, at *3 (D. Del. Feb. 21, 2013); *see also Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016) ("[I]t is well recognized among lower courts that source code requires additional protections to prevent improper disclosure because it is often a company's most

sensitive and most valuable property."). These measures often include reasonable limitations on digital notetaking, logging requirements, and restrictions on where source code may be stored. *See, e.g.*, *Pragmatus Telecom LLC v. Interactive Intelli*, No.14-026-RGA (D. Del. Nov. 12, 2014); *Alex is the Best, LLC v. BLU Products, Inc.*, No. 16-770-RGA (D. Del. March 29, 2017).

The parties dispute language in Sections VIII and IX of the proposed protective order. Specifically, they dispute: (i) whether experts and consultants given access to source code should be restricted from performing software development work directly or indirectly related to the technologies at issue in the case, *see* Ex. A at Section VIII.D; (ii) the conditions under which the party receiving source code ("Receiving Party") shall be permitted a notetaking computer, *see id.* at IX.G; (iii) whether the Receiving Party must maintain a log of persons viewing paper and electronic copies of source code, *see id.* at IX.H, IX.J(4), IX.J(7); (iv) whether the Receiving Party must seek the permission of the party producing source code ("Producing Party") prior to filing documents containing source code with the court and notify the Producing party prior to using such documents at a deposition, *see id.* at IX.J.(3-5); and (v) whether the Receiving Party may store or view source code in the offices of experts or consultants, *see id.* at IX.J(6).

First, NexStep objects to Comcast's proposal that any NexStep expert or consultant provided access to Comcast's source code "agree in writing not to perform software development work directly or indirectly intended for commercial purposes" relating to the technologies at issue in the case for a period of the litigation plus one year following the case's resolution. *Id.* at VIII.D. This limitation would not preclude experts from engaging in academic research or consulting work and is restricted to an enumerated list of technologies corresponding to NexStep's asserted claims. Just as prosecution bars are permitted when the scope, duration, and subject matter covered by the bar "reasonably reflect the risk presented by the disclosure of proprietary competitive information," Comcast's proposed limitation on commercial exploitation of its source code by NexStep's experts should be imposed here. *See In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010). Comcast's proposal applies exclusively to experts who review its source code, lasts for only one year beyond the conclusion of the case, and only limits commercial activities directly related to the claims at issue in the case.

Second, the parties agree that the Receiving Party may use a notetaking computer in the room with the standalone source code computer. *Id.* at IX.G. The parties dispute, however, what restrictions should be placed on the notetaking computer. Comcast proposes that the Producing Party make the notetaking computer available, with pre-installed text editing and encryption programs. Comcast further proposes that any notes taken on the computer be stored, using encryption and a password, on a USB device and that any notes removed from the source code review room be encrypted during storage or transmission, be carried only by hand, be connected only to non-public computer networks with reasonable security measures, and that any notes not be copied onto a computer network. NexStep does not agree to any of these security measures. NexStep's counterproposal contains no restrictions on the printing of notes, the unsecured transmissions of notes, or the storing of notes on networked devices and leaves open whether NexStep can use a personal laptop computer in the secure source code review room. NexStep's counterproposal would expose Comcast to significant risk of the improper disclosure of its most sensitive and valuable property. Courts in this district routinely permit reasonable restrictions on source code notetaking computers, including, for example, prohibitions or limitations on the

removal of digital notes from the review room. *See, e.g., Alex is the Best*, No. 16-770-RGA at 2 (declining to allow persons reviewing source code to "walk out of the review . . . with digital notes"); *Inventor Holdings, LLC v. Wal-Mart Stores Inc.*, No. 13-096 (GMS), 2014 WL 4370320, at *3 (D. Del. Aug. 27, 2014) (refusing to allow a personal laptop to be used as a notetaking computer as such a device would "jeopardize the integrity of the defendants' 'confidential, proprietary and/or trade secret' information."). Rather than an outright prohibition on the making or removing of digital notes, Comcast proposes specific security measures to ensure its source code remains confidential.

Third, Comcast proposes that the Receiving Party be responsible for maintaining a log of persons, excluding Outside Counsel, who view paper or electronic copies of source code. The log should include the locations of where paper copies are stored and the names of reviewers and/or recipients of the code. The Producing Party may make a request for the log once every three months, with five days' notice provided. *See* Ex. A at Sections IX.H, IX.J(4), IX.J(7). NexStep proposes that only the names of persons viewing source code **on the source code computer** be recorded; in other words, under NexStep's proposal, the logging requirement would not apply to any source code Comcast provides in printed form. Courts in this district routinely require Receiving Parties to record the names of individuals who review source code. *See e.g., Pragmatus*, No. 14-026-RGA at 19 (ordering that a log of all electronic copies of source code be maintained, "including the names of the reviewers and/or recipients of any such electronic copies."); *GlobeTecTrust LLC v. AT&T, Inc. et al*, No. 12-1234-RGA (D. Del. Nov. 12, 2013) at 15 (same). Further, Comcast's proposal is not onerous; for example, it excludes Outside Counsel, thereby limiting the logging requirement to experts, consultants, or professional vendors who view or receive source code. *See* Ex. A at Sections IX.H, IX.J(4) and (7); *see also id.* at VIII(C) (limiting the number of experts or consultants permitted to view source code to eight).

Fourth, Comcast proposes that the Receiving Party notify the Producing Party three business days prior to the filing with the Court of source code under seal, so that the parties can meet and confer in advance to discuss the protection of confidentiality, and that the Receiving Party notify the Producing Party in writing two business days before depositions at which it plans to use source code. *Id.* at IX.J(3)-(5). Comcast's proposals are intended to facilitate the timely resolution of disputes regarding the filing of source code or the use of source code at depositions. The notice requirements would provide Comcast with an opportunity to proactively address security or business concerns related to the use of source code in court or at depositions, decreasing the likelihood that the Court will be required to resolve such disputes. But NexStep opposes these proposals.

Fifth, NexStep proposes that it be permitted to store paper copies of source code in the offices of its experts and consultants. As discussed above, source code is extremely valuable and sensitive information. The security of this sensitive data would be seriously jeopardized if the Court permitted paper copies to be stored in as many as eight different locations, all outside the regular supervision of Comcast and/or NexStep. *Cf. Inventor Holdings*, 2014 WL 437032, at *3 (refusing to adopt protective order provisions that would "jeopardize the integrity" of defendants' source code and undermine the creation of a "fairly impervious environment" for source code access).

**Disputes Regarding the Prosecution Bar**

The sole dispute regarding the prosecution bar, in Section XIV, is Comcast's proposal that the list of subject matters for which persons who access confidential material may not, without consent, engage in prosecution activity, include a prohibition on the prosecution of claims related to "the subject matter of any Designated Material that has been reviewed by such outside counsel, expert, or consultant in any CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE Confidential Material provided by the Producing Party." This provision is particularly important to Comcast because the nine Asserted Patents are part of a large and complex patent family tree. NexStep's active and continued prosecution of this patent family, which includes a pending application and evidences a practice of filing more continuations, weighs in favor of Comcast's proposed prosecution bar.

NexStep argues this provision is too subjective and open-ended. The language of Comcast's proposal shows that NexStep's assertion is incorrect. "The scope of activities prohibited by [a prosecution] bar" and "the subject matter covered by the bar" must "reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank*, 605 F.3d at 1381. The subject matter covered by Comcast's proposal reflects the risk presented by the disclosure of its competitive information, as it bars prosecution activity related to the subject matter covered by NexStep's asserted patents and "the subject matter of any Designated Material" disclosed in highly confidential materials in the course of this case.[1] A bar covering these materials reflects the reality that in light of the breadth of NexStep's infringement allegations, which cover over twenty categories of Comcast's "products" and/or "services," NexStep may receive highly confidential Comcast materials that do not fall into one of the specific categories enumerated in the prosecution bar, but which are nonetheless sensitive competitive information. *See Inventor Holdings,* 2014 WL 4370320, at *3 (adopting a prosecution bar with "a more pervasive reach" than just "the technology of the patent-in-suit" given the asymmetrical risk between defendants' and plaintiff's position).

For the reasons set forth herein, Comcast respectfully request that the Court enter its version of the protective order.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

BPE/rah
Enclosure
cc:     Clerk of Court (via hand delivery)
        All Counsel of Record (via electronic mail)

---

[1] "Designated Material" means any Material designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," "RESTRICTED CONFIDENTIAL – PROTECTED CONSUMER DATA," and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE" under the Protective Order.