**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

BRIAN P. EGAN
302 351 9454
began@mnat.com

September 17, 2021

The Honorable Richard G. Andrews                    *VIA ELECTRONIC FILING*
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:   *NexStep, Inc. v. Comcast Cable Communications, LLC*
       C.A. No. 19-1031 (RGA)(SRF)

Dear Judge Andrews:

Comcast Cable Communications, LLC ("Comcast") respectfully submits this letter to preclude Plaintiff NexStep, Inc. from offering an undisclosed new damages claim on the eve of trial in the above referenced case.

Yesterday, the Court granted Comcast's motion to exclude the expert opinion of NexStep's only damages expert, Marcus Reading, with respect to the Asserted Patents.  D.I. 313, 314.[1]  After the Court's ruling, Comcast sought clarification from NexStep as to what, if any, damages evidence NexStep believed survived the Court's ruling, and the parties agreed to meet and confer this morning.  During that call, NexStep asserted for the first time, only two days before trial, that it intended to offer a new damages claim based on (1) purported "fact testimony" on the reasonable royalty rate by NexStep's CEO Robert Stepanian and (2) expert testimony from Mr. Reading on the damages royalty base in his excluded cost-savings damages opinion.  NexStep's new damages claim should be excluded for multiple reasons.

***First***, NexStep failed to disclose this new—and still undisclosed—damages theory at any point in fact or expert discovery, and it is far too late to do so now.  In fact, during the parties meet and confer this morning, Comcast asked what NexStep's new royalty rate was and whether it had been disclosed.  Counsel for NexStep was unable to identify what the new alleged royalty rate would be and was unable to say that it had previously been disclosed.  As of now, Comcast still does not know what the rate is.

---

[1] Comcast moved to exclude the ***entirety*** of Mr. Reading's opinion for U.S. Patent No. 8,280,009 (the "'009 Patent") and U.S. Patent No. 9,866,697 (the "'697 Patent") based on his arbitrary 50/50 split of the alleged cost savings, among other reasons.  D.I. 196, D.I. 198.

The Honorable Richard G. Andrews
September 17, 2021
Page 2

This is a direct violation of NexStep's disclosure obligations under Federal Rule of Civil Procedure 26. Rule 26(a)(1) requires a party to disclose "a computation of each category of damages claimed by the disclosing party" as well as the documents and evidence that underlie the computation. Fed. R. Civ. P. 26(a)(1)(iii). NexStep never provided its new damages claim in its Rule 26 disclosures—and indeed still has not done so as of this morning. Just last month, the Federal Circuit held that district courts have **properly precluded plaintiffs from relying on "any computation or evidence of their [damages claims] beyond that provided in their initial disclosures**" under Federal Rule of Civil Procedure 37. *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 2020-1413, 2021 WL 3778405, at *9 (Fed. Cir. Aug. 26, 2021) ("[B]ecause Rule 26(a)(1)(A)(iii) requires timely disclosure of damages information, the district court properly excluded the damages information under Rule 37."). On this basis alone, NexStep should not be permitted to offer a new, undisclosed damages theory.

*Second*, NexStep cannot offer a fact witness to provide expert testimony on the reasonable royalty rate. NexStep itself has taken the position that the determination of the reasonable royalty in this case is a matter of expert analysis and opinion. *See* NexStep Jan 22, 2022 Rule 26(a) Disclosures at 7 ("The appropriate royalty rates to apply to the royalty bases is a matter of expert analysis and opinion."). But Mr. Stepanian is not qualified to be and is not offered as an expert on damages. In fact, during his deposition in this case, when Comcast asked Dr. Stepanian whether he knew the value of his patents, he responded:"[t]hat has not been the focus of the work at NexStep I've been doing." (Dec. 4, 2020 Dep. Tr. 155:16-22). He further testified that he did not "remember any numbers" from "any discussions regarding potential licensing fees from other companies." (Apr. 23, 2021 Dr. Tr. 933:5-17). This Court has previously held that such fact witness testimony, particularly from a witness like Dr. Stepanian without any specialized knowledge, cannot be offered to establish a reasonable royalty rate in place of an expert whose opinion has been excluded. *See Acceleration Bay LLC v. Activision Blizzard Inc.*, No. 1:16-CV-00453-RGA, 2018 WL 5045186, at *1 (D. Del. Oct. 17, 2018) ("An opinion on a reasonable royalty is necessarily based on specialized knowledge. Thus, because he is not serving as an expert, Mr. Garland's opinion that the appropriate reasonable royalty is 15.5% must be excluded."). Moreover, NexStep never identified Mr. Stepanian as a witness to provide a royalty rate in any of its Rule 26 disclosures in this case, and it is far to late to attempt to do so now. Fed. R. Civ. P. 26(a)(1)(iii).

*Third*, NexStep's attempt to offer expert testimony from Mr. Reading on his cost-savings royalty opinion is directly contrary to this Court's ruling excluding his damages opinion. D.I. 313, 314 ("Comcast's motion to exclude the expert testimony of Mr. Reading (D.I. 196) is GRANTED with respect to Mr. Reading's damages opinion based on the hypothetical negotiation of cost savings associated with the Customer Troubleshooting Patents"). NexStep now seeks to offer a portion of Mr. Reading's opinion on the royalty base as a new, stand-alone damages opinion. But his opinion was excluded in its entirety. *See id.* Indeed, if Mr. Reading were allowed to testify regarding the royalty base without properly apportioning the base or providing reliable expert testimony as to the royalty rate it would severely prejudice Comcast. By offering Mr. Reading to provide a damages opinion only on the royalty base, without properly apportioning that base or applying an appropriate royalty rate, NexStep would leave the jury to speculate on what the appropriate royalty would be. The result would be even worse than the arbitrary 50/50 split that the Court already excluded. In addition, if Mr. Reading provided an opinion on an unapportioned damages base, his

The Honorable Richard G. Andrews
September 17, 2021
Page 3

opinion would directly contrary to long established Supreme Court and Federal Circuit precedent. See Virnetx, Inc. v. Cisco Sys., Inc., 767 F.3d 1308, 1326 (Fed. Cir. 2014) ("The Supreme Court long ago observed that a patentee must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative.").

Accordingly, Comcast respectfully requests that NexStep be precluded from
presenting any new, and undisclosed damages theory, including any damages claim based on a royalty rate provided by Dr. Stepanian's fact witness testimony and the excluded expert testimony of Mr. Reading.

                          Respectfully,

                          */s/ Brian P. Egan*

                          Brian P. Egan (#6227)

BPE/bac

cc:      All Counsel of Record (via electronic mail)