IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NEXSTEP, INC.,

    Plaintiff;

v.

COMCAST CABLE COMMUNICATIONS, LLC,

    Defendant.

Civil Action No. 19-1031-RGA

MEMORANDUM OPINION

Philip A. Rovner, Jonathan A. Choa, POTTER ANDERSON & CORROON, LLP, Wilmington, DE; Paul J. Andre, Lisa Kobialka, KRAMER LEVIN NAFTALIS & FRANKEL LLP, Menlo Park, CA; Jonathan S. Caplan, Aaron M. Frankel, Marcus A. Colucci, KRAMER LEVIN NAFTALIS & FRANKEL LLP, New York, NY.

    Attorneys for Plaintiff.

Jack B. Blumenfeld, Brian P. Egan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; William F. Lee, Sarah B. Petty, Kate Saxton, WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Amy Kreiger Wigmore, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC; Mary (Mindy) V. Sooter, Nora Q.E. Passamaneck, WILMER CUTLER PICKERING HALE AND DORR LLP, Denver, CO.

    Attorneys for Defendant.

September 17, 2021



**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is the Magistrate Judge's Report and Recommendations (D.I. 267) regarding Plaintiff's and Defendant's Motions for Summary Judgment and to Exclude Expert Opinions (D.I. 196, D.I. 197). I have considered the parties' objections and responses, but only in relation to the issues raised concerning the two "trouble-shooting" patents. (D.I. 273, 286). For the reasons set forth below, I am adopting the Report and Recommendation of the Magistrate Judge regarding the patent eligibility of the Customer Troubleshooting Patents. Defendant's motion for summary judgment of invalidity of the Customer Troubleshooting patents under 35 U.S.C. § 101 is DENIED.

## I. BACKGROUND

Plaintiff NexStep filed this lawsuit against Defendant Comcast, alleging infringement of several patents relating to personal computing devices and services. The parties cross-moved for summary judgment and to exclude the opposing party's expert reports. (D.I. 196, 197). The Magistrate Judge issued a Report and Recommendation regarding the disposition of those motions. (D.I. 267).

## II. LEGAL STANDARD

### A. Standard of Review

A magistrate judge's report and recommendation on a dispositive motion is reviewed *de novo*. FED. R. CIV. P. 72(b)(3). A motion for summary judgment is a dispositive motion and thus I will consider Comcast's objection to the Magistrate Judge's Report and Recommendation regarding patent eligibility *de novo*.

1

## B. Patentability

Section 101 of the Patent Act defines patent-eligible subject matter. It provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court recognizes three categories of subject matter that are not eligible for patents—laws of nature, natural phenomena, and abstract ideas. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). "[A] process is not unpatentable simply because it contains a law of nature or a mathematical algorithm," as "an application of a law of nature or mathematical formula to a known structure or process may well be deserving of patent protection." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012) (cleaned up).

In *Alice*, the Supreme Court reaffirmed the framework laid out in *Mayo* "for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." 573 U.S. at 217. First, the court must determine whether the claims are drawn to a patent-ineligible concept. *Id.* At this step, the court considers claims "in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1312 (Fed. Cir. 2016) (internal citations omitted). If the answer is yes, the court must look to "the elements of the claim both individually and as an ordered combination" to see if there is an "inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Alice*, 573 U.S. at 217-18 (cleaned up).

2

"A claim that recites an abstract idea must include additional features to ensure that the claim is more than a drafting effort designed to monopolize the abstract idea." *Id.* at 221 (cleaned up). Further, "the prohibition against patenting abstract ideas cannot be circumvented by attempting to limit the use of [the idea] to a particular technological environment." *Id.* at 222 (alteration in original) (quoting *Bilski v. Kappos*, 561 U.S. 593, 610-11 (2010)). Thus, "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Id.* at 223.

### III. DISCUSSION

Defendant argues that the Customer Troubleshooting Patents are directed to the abstract concept of "obtaining customer support" and thus not patent eligible. (D.I. 273 at 1). Plaintiff asserts that the claims at issue are not abstract because they provide a "specific and concrete improvement" through the use of a "concierge device." (D.I. 214 at 2).

Defendant points to claim 1 of the 8,280,009 patent ("the '009 patent") as representative:

A method of initiating a support session for a consumer device using a concierge device, the method including:

associating the concierge device with a selected consumer device;

responsive to a single action performed by a user, the concierge device communicating with a home gateway, including

causing the home gateway to buffer consumer device identification information for the selected consumer device and determine a support center for a support session; and

causing the home gateway to initiate the support session for the consumer device and to forward automatically the consumer device identification information during the support session, thereby allowing the support session either

to bypass an automated attendant or interactive voice recognition system or

to initiate an automated support protocol.

3

Although Defendant attempts to overgeneralize the patents as directed to the abstract idea of "a user initiating a support call, identifying their device, and receiving customer service," (D.I. 273 at 3), this is not a case where Plaintiff has patented "claims that abstractly cover results where it matters not by what process or machinery the result is accomplished." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016) (cleaned up). Patents that automate a manual process can be valid. *See, e.g., id.* (automating animated lip synching). But patents that merely "add[] computer functionality to increase the speed or efficiency of the process do not confer patent eligibility on an otherwise abstract idea." *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363 (Fed. Cir. 2015). A "specific asserted improvement in computer capabilities" is required. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1336 (Fed. Cir. 2016). The claims of the Customer Troubleshooting Patents do not merely add automation to increase the efficiency of customer service interactions. They describe a particular improvement over prior computing technologies in the form of a concierge device that links to consumer devices and forwards a malfunctioning device's identification information and diagnostic data to customer service. (D.I. 214 at 2-3).

The "written description's recitation of the advantages of the claimed invention" further supports a finding of validity. *CardioNet, LLC v. InfoBionic, Inc*, 955 F.3d 1358, 1371 (Fed. Cir. 2020). The '009 patent describes the advantages of the claimed concierge device over conventional methods of obtaining customer support. (cols. 3:64-4:1, 14:50-15:2, 23:65-25:44). As the plaintiff summarizes, "the '009 Patent notes that the conventional consumer devices were not traditionally smart (i.e., they did not communicate data to other devices), were not managed in the home (through a device like the concierge device), and were not connected to a cloud based service." (D.I. 214 at 3).

4

The Customer Troubleshooting Patents, in short, articulate a specific technological improvement and the claimed invention is more than the mere automation of conventional customer support interactions. As such, the claims are patent eligible.

## IV. CONCLUSION

For the foregoing reasons, I find that the Customer Troubleshooting Patents are not, as a matter of law, directed to an abstract idea at *Alice* step one and thus deny defendant's motion for summary judgment on the issue of invalidity.

An appropriate order will issue.