**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NEXSTEP, INC., a Delaware Corporation,    )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )
                                          )        C.A. No. 19-1031-RGA-SRF
COMCAST CABLE COMMUNICATIONS,             )
LLC a Delaware Limited Liability Company  )
                                          )
              Defendant.                  )

## **FINAL JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ....................................................................................................1
2. THE PARTIES AND THEIR CONTENTIONS .....................................................2
3. THE PATENT CLAIMS ........................................................................................3
   3.1. THE ROLE OF CLAIMS IN THE PATENT .............................................3
   3.2. INDEPENDENT AND DEPENDENT CLAIMS ........................................5
4. INFRINGEMENT....................................................................................................6
   4.1. INFRINGEMENT GENERALLY................................................................6
   4.2. DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT" .............7
   4.3. DIRECT INFRINGEMENT UNDER THE "DOCTRINE OF
        EQUIVALENTS".........................................................................................8
   4.4. INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT......................9
5. INVALIDITY ........................................................................................................10
   5.1. PRIOR ART ...............................................................................................11
   5.2. LEVEL OF ORDINARY SKILL IN THE ART .......................................12
   5.3. OBVIOUSNESS ........................................................................................13
   5.4. SECONDARY CONSIDERATIONS OF NONOBVIOUSNESS ..............15
6. DELIBERATION AND VERDICT .....................................................................16
   6.1. INTRODUCTION ......................................................................................16
   6.2. UNANIMOUS VERDICT..........................................................................17
   6.3. DUTY TO DELIBERATE .........................................................................18
   6.4. COURT HAS NO OPINION......................................................................19

1.      **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Each of you has been provided a copy of these instructions.  If you prefer, you may read along as I deliver them.  You will be able to take your copies with you into your deliberations and refer to them at any time, if necessary.  You still have in writing my preliminary instructions and you may refer to those as well in your deliberations.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law but must consider the instructions as a whole.  The instructions as a whole include not only these instructions and the preliminary instructions, but also the instructions I gave at various points during trial.  You should not be concerned with the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 2.    THE PARTIES AND THEIR CONTENTIONS

As I previously told you, NexStep alleges that certain Comcast products and services infringe the Asserted Claims of the Asserted Patents.  Specifically, NexStep alleges that Comcast infringes claims 1, 16 and 22 of the '009 Patent and claim 1 of the '697 Patent.

Comcast denies that it has infringed the Asserted Claims of the Asserted Patents and also argues that the Asserted Claims are invalid.

In this case, you must decide the issues according to the instructions I give you.  In general, these issues are:

- Whether NexStep has proven by a preponderance of the evidence that Comcast has infringed any of the Asserted Claims of the Asserted Patents.

- Whether Comcast has proven by clear and convincing evidence that any of the infringed Asserted Claims of the Asserted Patents are invalid.

Your decision will be recorded in a verdict form that I will provide you.

## 3.   THE PATENT CLAIMS

### 3.1.   THE ROLE OF CLAIMS IN THE PATENT

Before you can decide the issues in this case, you will need to understand the role of
patent "claims." Patent claims are the numbered sentences at the end of each patent. The claims
are important because it is the words of the claims that define what a patent covers. The figures
and text in the rest of the patent provide a description and examples of the invention and provide
a context for the claims, but it is the claims that define the breadth of the patent's coverage.
Therefore, what a patent covers depends, in turn, on what each of its claims covers.

To know what a claim covers, a claim sets forth, in words, a set of requirements. Each
claim sets forth its requirements in a single sentence. The requirements of a claim are often
referred to as "claim elements" or "claim limitations." The coverage of a patent is assessed
claim-by-claim. When a thing (such as a product or a method) meets all the requirements of a
claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of
that claim. In other words, a claim covers a product or method where each of the claim elements
or limitations is present in that product or method.

You will first need to understand what each claim covers in order to decide whether or
not there is infringement of the claim and to decide whether or not the claim is invalid. The first
step is to understand the meaning of the words used in the patent claim.

Sometimes the words in a patent claim are difficult to understand, and therefore it is
difficult to understand what requirements these words impose. The law says that it is my role to
define the terms of the claims and it is your role to apply my definitions of the terms I have
construed to the issues that you are asked to decide in this case. Therefore, as I explained to you
at the start of the case, I have determined the meaning of one of the claim terms and I have
provided to you my definition of this term. Specifically, I have construed "concierge device" as
"[a] device including functionality for the remote control of at least one consumer device and
that meets the other claim requirements." You must accept my definition of this term in the

claims as being correct.  It is your job to take this definition and apply it to the issues that you are deciding, including the issues of infringement and validity.

For any words in the claims for which I have not provided you with a definition, you should apply the ordinary meaning of those terms in the field of the patent.

You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and validity.  These issues are yours to decide.

### 3.2.   INDEPENDENT AND DEPENDENT CLAIMS

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all the requirements that must be met in order to be covered by that claim.  Thus, it is not necessary to look at any other claim to determine what an independent claim covers.  In this case, all the Asserted Claims are independent claims except for Claim 22 of the '009 Patent, which is a "dependent claim."

A "dependent claim" does not itself recite all the requirements of the claim but refers to another claim for some of its requirements.  In this way, the claim "depends" on another claim.  A dependent claim incorporates all the requirements of the claim(s) to which it refers.  The dependent claim then adds its own additional requirements.  To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim to which it refers.  Here, Claim 22 of the '009 Patent depends on Claim 16.  A product that meets all the requirements of both dependent Claim 22 and independent Claim 16 is covered by dependent Claim 22.

4.     **INFRINGEMENT**

   4.1.     **INFRINGEMENT GENERALLY**

NexStep alleges that Comcast infringes the Asserted Claims.  I will now instruct you how to decide whether NexStep has proven that Comcast has infringed the Asserted Claims. Infringement is assessed on a claim-by-claim basis.  Therefore, there may be infringement as to one claim but no infringement as to another claim.

In this case, NexStep alleges that Comcast has infringed the Asserted Claims in two ways.  First, NexStep alleges that Comcast has directly infringed them.  Second, NexStep alleges that Comcast is liable for indirect infringement of claim 1 of the '009 Patent for the period since this lawsuit was filed by actively inducing direct infringement by its customers.

I will now explain each of these types of infringement in more detail.

## 4.2.    DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT"

In order to prove that Comcast directly infringes a patent claim, NexStep must prove by a preponderance of the evidence, i.e., that it is more likely than not, that Comcast made, used, sold or offered for sale within the United States a product or process that meets all of the requirements of a claim.  NexStep need not prove that Comcast copied the Asserted Patents to establish that Comcast is infringing.  Direct infringement does not require any knowledge on the part of the infringer.

To determine literal infringement, you must compare the Accused Products with each Asserted Claim, using my construction of "concierge device," along with the ordinary meaning in the field of the patent for the other terms in the claims.  You must compare the Accused Products with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met.  If the Accused Product does not possess or practice any one element recited in a claim, then you must find that the Accused Product does not literally infringe that claim.

Claim 1 of the '009 Patent, which is a method claim, is literally infringed if each step of the method is performed.

The Accused Products literally infringe Claim 16 of the '009 Patent and Claim 1 of the '697 Patent if they include each and every element of the claim.  The Accused Products literally infringe Claim 22 of the '009 Patent, which depends on Claim 16, if they include each and every element of Claim 16 of the '009 Patent, as well as the additional element of Claim 22.

For Claims 16 and 22 of the '009 Patent and Claim 1 of the '697 Patent, Comcast infringes the claim if it acts as the final assembler of the accused system, even if it does not itself own, make, or provide every element of the accused system.

You must determine, separately for each asserted claim, whether there is infringement.

### 4.3.    DIRECT INFRINGEMENT UNDER THE "DOCTRINE OF EQUIVALENTS"

If a company makes, uses, sells or offers to sell within the United States a product that does not literally meet all of the elements of a claim and thus does not literally infringe that claim, there can still be direct infringement if that product satisfies one or more of the claim elements "under the doctrine of equivalents."

Under the doctrine of equivalents, a product infringes a claim if the accused product contains elements or performs steps that literally meet or are equivalent to each and every element of the claim.

You may find that an element or step is equivalent to an element of a claim that is not met literally if a person having ordinary skill in the field of technology of the patent would have considered the differences between the missing claim element or step and the element or step that is present to be "insubstantial." An element or step is "insubstantially" different if it: (1) performs substantially the same function and (2) works in substantially the same way (3) to achieve substantially the same result as the element of the claim.

In order to prove infringement by "equivalents," NexStep must prove the equivalency of the feature or step to a claim element by a preponderance of the evidence.

### 4.4.   INDIRECT INFRINGEMENT—ACTIVE INDUCEMENT

NexStep alleges that Comcast is liable for infringement by actively inducing its customers after the filing of this lawsuit to directly infringe Claim 1 of the '009 Patent, literally or under the doctrine of equivalents. As with direct infringement, you must determine whether there has been active inducement on a claim-by-claim basis. Indirect infringement, also referred to as induced infringement, does require knowledge both that the patent exists and that the accused infringer is encouraging the infringement of the patent.

Comcast is liable for active inducement of Claim 1 of the '009 Patent if NexStep proves by a preponderance of the evidence:

(1) that the acts carried out by Comcast's customers after the filing of this lawsuit directly infringe that claim;

(2) that Comcast took action after the filing of this lawsuit that was intended to cause and led the customers to perform the infringing acts by Comcast's customers;

(3) that Comcast was aware of the '009 Patent and knew that the acts, if taken, would constitute infringement of Claim 1 of the '009 Patent.

5.      **INVALIDITY**

I will now instruct you on the rules you must follow in deciding whether Comcast has proven that the Asserted Claims are invalid.

The law presumes the Asserted Claims are valid.  For this reason, Comcast has the burden of proving invalidity by clear and convincing evidence.

Comcast contends that the Asserted Claims are invalid based on obviousness.  The term "obviousness" has a special meaning under the patent law, which I will explain to you in these instructions.

In making your determination as to invalidity, you should consider each claim separately.

### 5.1.    PRIOR ART

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and nonobvious in light of what came before.  That which came before is referred to as "prior art."  The Lorenz, Hofrichter, Werth, Berner, and Cassanova references are included in the prior art.

### 5.2.  LEVEL OF ORDINARY SKILL IN THE ART

In deciding the level of ordinary skill in the field of the inventions of the Asserted Patents, you should consider all the evidence introduced at trial. The person of ordinary skill is presumed to know all prior art that you have determined to be reasonably relevant.

### 5.3.   OBVIOUSNESS

Even though an invention may not have been identically disclosed or described before it was made by an inventor, in order to be patentable, the invention must also not have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made.

Comcast may establish that a patent claim is invalid by showing, by clear and convincing evidence, that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the invention was made in the field of the technology of the patent.

In order for a claim to be invalid for obviousness, each and every element of an Asserted Claim must be present in the asserted combination of alleged prior art references or the evidence must show a reason for a person of ordinary skill in the art to modify the prior art teachings to obtain the claimed invention. In analyzing the relevance of the differences between the claimed invention and the prior art, you may consider the inferences and creative steps that a person of ordinary skill in the art would have employed in reviewing the prior art at the time of the invention.

In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field of the invention that someone would have had at the time the invention was made, the scope and content of the prior art, any differences between the prior art and the claimed invention, and, if present, so-called objective evidence or secondary considerations, which I will describe shortly.  Do not use hindsight; consider only what was known at the time of the invention.

Keep in mind that the existence of each and every element of the claimed invention in the prior art does not necessarily prove obviousness.  Most, if not all, inventions rely on building blocks of prior art.  In considering whether a claimed invention is obvious, you may but are not required to find obviousness if you find that at the time of the claimed invention there was a reason that would have prompted a person having ordinary skill in the field of technology of the patent to combine the known elements in a way the claimed invention does, taking into account

- 13 -

such factors as (1) whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s); (2) whether the claimed invention provides an obvious solution to a known problem in the relevant field; (3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention; (4) whether the prior art teaches away from combining elements in the claimed invention; (5) whether it would have been obvious to try the combinations of elements, such as when there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions; and (6) whether the change resulted more from design incentives or other market forces.  To find it rendered the invention obvious, you must find that the prior art provided a reasonable expectation of success.  Obvious to try is not sufficient in unpredictable technologies.

In determining whether the claimed invention was obvious, consider each claim separately.

## 5.4.    SECONDARY CONSIDERATIONS OF NONOBVIOUSNESS

In making your assessment of whether a claimed invention was obvious or not, you must take into account any objective evidence that may shed light on the obviousness or not of the claimed invention.  In patent law, we typically refer to this type of evidence as "secondary considerations" of non-obviousness.  Comcast has the ultimate burden of proof on invalidity and secondary considerations of nonobviousness.

For example, the following facts, individually or collectively, may suggest that the claimed invention would not have been obvious:

1)    The invention satisfied a long-felt need; and

2)    Others in the relevant industry praised the invention.

## 6.   DELIBERATION AND VERDICT

### 6.1.   INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  After you hear closing arguments of counsel, you will return to the jury room to begin your deliberations.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, to me, or to anyone else except each other about the case.  By custom of this court, Juror Number 1 is the foreperson. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

### 6.2.    UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A verdict form has been prepared for you.  The verdict form asks you a series of questions about the parties' claims.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form.  You will then return to the courtroom and your foreperson will give your verdict. Unless you are directed otherwise in the verdict form, you must answer all of the questions posed, and you all must agree on each answer.

### 6.3.    DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

### 6.4.    COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

Finally, if I have read any of these instructions inconsistently with the written text, you are to rely on the written instructions in your deliberations.