IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEXSTEP, INC., a Delaware Corporation, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 19-1031-RGA-SRF |
| COMCAST CABLE COMMUNICATIONS, LLC, a Delaware Limited Liability Company | ) ) ) ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT AND [PROPOSED] ORDER**

As directed by the Court (9/23/21 Trial Tr. at 942:20-943:4), Plaintiff NexStep, Inc. ("NexStep") and Defendant Comcast Cable Communications, LLC ("Comcast") submit this Joint Status Report and Proposed Order.

The Court presided over a trial on NexStep's Counts IX, X, and XVII from September 20 to September 23, 2021. On September 23, 2021, the jury returned a verdict in favor of NexStep on Counts IX and X (infringement of U.S. Patent No. 8,280,009 under the doctrine of equivalents) and in favor of Comcast on Count XVII (infringement of U.S. Patent No. 9,866,697). D.I. 331, D.I. 341.

**Post-Trial Motions**: The parties agree that any motions under Fed. R. Civ. P. 50(b) and Fed. R. Civ. P. 59 regarding trial on the '009 and '697 Patents are due October 26, 2021; i.e., 28 days from the Court's September 28, 2021 entry of the Trial Verdict (D.I. 341).

**Pending Objections**: On August 20, 2021, Judge Fallon issued a Report and Recommendation (the "R&R") on the parties' summary judgment and *Daubert* motions. D.I. 267. On August 27, 2021, the parties submitted objections to the R&R; on September 1, 2021, the parties submitted responses to the objections. D.I. 273, 276, 286, 287. During the September 3,

2021 final pretrial conference, the Court indicated that the trial beginning September 20, 2021 would be limited to the '009 and '697 Patents and that it would rule on Comcast's objections to the R&R relating to the '009 and '697 Patents before the trial.  9/3/21 Hearing Tr. at 2:24-3:7, 71:12-74:11.

The following table lists the objections that remain pending before the Court along with citations to the relevant portions of the parties' briefing and the R&R:

| Issue | Objecting Party | Objection to R&R | Response to Objection | Relevant Portion of R&R |
|---|---|---|---|---|
| No infringement of the '802 Patent | NexStep | D.I. 276, § II at 1-5 | D.I. 287, § I at 1-6 | D.I. 267, § IV.D.2 at 19-26, IV.G at 30-33 |
| No infringement of the '964 Patent[1] | NexStep | D.I. 276, § III at 5-9 | D.I. 287, § II.A-C at 6-9 | D.I. 267, § IV.C at 15-18 |
| No infringement of the '132 and '669 Patents | NexStep | D.I. 276, § IV at 10 | D.I. 287, § II.D at 9-10 | D.I. 267, § IV.D.2 at 19-26 |
| Damages Opinion for the '802, '132, and '669 Patents | Comcast | D.I. 273, § II.C at 7-8 | D.I. 286, § II.B at 8-9 | D.I. 267, § V.C.2 at 50-53 |
| Validity of the '964 Patent Over iControl and uControl | Comcast | D.I. 273, § IV at 9-10 | D.I. 286, § IV at 10 | D.I. 267, § IV.J at 40-45 |

The parties propose that, after the Court issues a ruling on the pending objections, the parties will meet and confer and provide the Court with a further Joint Report indicating the parties' proposals for how the remainder of the case should be resolved.

**Requests for Fees and Costs**: The parties agree that, pursuant to Local Rule 54.1(a)(1), any motions for fees and costs under FRCP 54(d) or 35 U.S.C. § 285 are not due until 21 days

---

[1] **Comcast's Position:** The Court sustained Comcast's objection to the R&R with respect to the cost-split methodology of NexStep's damages expert, Mr. Reading.  D.I. 314 (item 1).  NexStep's damages theory pertaining to the '964 Patent is therefore excluded for the same reason as NexStep's damages theory pertaining to the '009 and '697 Patents.  See D.I. 196, 198 § XIII.A, 267 § V.C.1, 273 § II.A, 313.  **NexStep's Position:** The Court has not yet ruled on NexStep's objections to the R&R as to the '964 Patent.  Therefore, it is premature to determine the impact, if any, of the Court's prior rulings on damages for the '964 Patent.

after the time for appeal has expired for all claims asserted in this action or within 21 days after the issuance of the mandate of the appellate court.

**Comcast's Request for Judgment Pursuant to Fed. R. Civ. P. 54(b)**:

**Comcast's Position:** In view of the September 28, 2021 Trial Verdict (D.I. 341), the parties' pretrial submissions, and the Court's September 16, 2021 Memorandum Opinion and Order (D.I. 313, 314), NexStep's Counts IX, X, XVII, and XVIII, and NexStep's claim for damages in relation to those counts, have been resolved. Accordingly, there being no just reason for delay, Comcast proposes that the Court enter judgment pursuant to Fed. R. Civ. P. 54(b) (1) in favor of NexStep under the doctrine of equivalents on Counts IX and X, with no damages awarded; and (2) in favor of Comcast on Counts XVII and XVIII. Comcast's proposed judgment is attached hereto as Exhibit A.[2]

**NexStep's Position:** NexStep objects to Comcast's proposed judgment pursuant to FRCP 54(b). Entry of judgment in this action is premature given that NexStep has a number of pending claims that have not yet been resolved, and there is no reason to issue a judgment until those claims are adjudicated. It would be inefficient for the Court and the parties to address post-judgment issues or appeal piecemeal based on partial judgments. Indeed, a further trial will be necessary if the Court sustains one or more of NexStep's objections to the R&R.

---

[2] **Comcast's Position:** Comcast maintains and reserves its defenses to infringement under the doctrine of equivalents, including prosecution history estoppel, ensnarement of the prior art, and claim vitiation (D.I. 306 (Pretrial Order); D.I. 309 (Oral Order regarding Revised Pretrial Order); D.I. 323 (Comcast Proffer on Equitable Defenses); D.I. 327 (Comcast Rule 50(a) JMOL Motion)), and will brief those defenses in post-judgment motions pursuant to Fed. R. Civ. P. 50 and 59. **NexStep's Position:** As NexStep will set forth in opposition to any motions filed by Comcast, Comcast either does not have grounds to assert such equitable defenses or has waived its purported defenses to infringement under the doctrine of equivalents.

**Stipulations:**  IT IS STIPULATED by the parties, subject to the approval of the Court, that:

1. The parties need not file oppositions to the other party's motions for judgment as a matter of law under FRCP 50(a) (D.I. 327, 329);

2. The parties will file any motions under Fed. R. Civ. P. 50(b) and Fed. R. Civ. P. 59 regarding trial on the '009 and '697 Patents on or before October 26, 2021;

3. Any motions or applications for fees or costs under FRCP 54(d) or 35 U.S.C. § 285 need not be filed until 21 days after the time for appeal has expired for all claims asserted in this action or within 21 days after the issuance of the mandate of the appellate court; and

4. Within 14 days after the Court issues a ruling on the pending objections to the R&R, the parties will meet and confer and file a further Joint Report indicating the parties' proposals for how the remainder of the case should be resolved.

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| By: */s/ Philip A. Rovner* <br> Philip A. Rovner (#3215) <br> Jonathan A. Choa (#5319) <br> Hercules Plaza <br> P.O. Box 951 <br> Wilmington, DE  19899 <br> (302) 984-6000 <br> provner@potteranderson.com <br> jchoa@potteranderson.com | By: */s/ Jack B. Blumenfeld* <br> Jack B. Blumenfeld (#1014) <br> Brian P. Egan (#6227) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE  19899 <br> (302) 658-9200 <br> jblumenfeld@morrisnichols.com <br> began@morrisnichols.com |
| *Attorneys for Plaintiff* <br> *NexStep, Inc.* | *Attorneys for Defendant* <br> *Comcast Cable Communications, LLC* |

Dated:  October 1, 2021

SO ORDERED this _____ day of October 2021.

_____
United States District Court Judge