IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NEXSTEP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1031 (RGA) (SRF) |
| | ) | |
| COMCAST CABLE COMMUNICATIONS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT COMCAST CABLE COMMUNICATIONS, LLC'S
REPLY BRIEF IN SUPPORT OF ITS
<u>POST-JUDGMENT MOTION UNDER RULES 50(B) AND 59</u>**

OF COUNSEL:

William F. Lee
Sarah B. Petty
Kate Saxton
WILMER CUTLER PICKERING HALE
   AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Amy Kreiger Wigmore
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006
(202) 663-6096

Mary (Mindy) V. Sooter
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE
   AND DORR LLP
1225 17th Street, Suite 1660
Denver, CO  80202
(720) 274-3135

November 16, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

TABLE OF CONTENTS

Page

I.     INTRODUCTION ..................................................................................................1

II.    THE COURT SHOULD GRANT JMOL OF NONINFRINGEMENT OF THE
       '009 PATENT UNDER THE DOE OR ALTERNATIVELY A NEW TRIAL..................1

       A.     The "Single Action" Limitation........................................................................1

       B.     NexStep Failed to Prove Additional Limitations......................................................6

       C.     NexStep's DOE Theory Is Precluded By Ensnarement...........................................6

       D.     Dr. Selker's "Single Action" Testimony Should Have Been Excluded ..................7

III.   THE COURT SHOULD GRANT JUDGMENT OF NO DAMAGES ............................8

IV.    IF THE COURT UPHOLDS THE VERDICT OF INFRINGEMENT OF THE
       '009 PATENT UNDER THE DOE, IT SHOULD GRANT JMOL OF
       INVALIDITY .......................................................................................................8

       A.     The Court Should Enter JMOL of Obviousness.......................................................8

       B.     NexStep's Secondary Considerations Evidence Should Have Been
              Excluded ....................................................................................................9

V.     CONCLUSION....................................................................................................10

TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Akzo Nobel Coatings, Inc. v. Dow Chem. Co.,
    811 F.3d 1334 (Fed. Cir. 2016)........................................................................................3

Am. Calcar, Inc. v. Am. Honda Motor Co.,
    651 F.3d 1318 (Fed. Cir. 2011)......................................................................................2, 3

Apple Inc. v. Motorola, Inc.,
    757 F.3d 1286 (Fed. Cir. 2014)........................................................................................8

AquaTex Indus., Inc. v. Techniche Sols.,
    479 F.3d 1320 (Fed. Cir. 2007)........................................................................................4

Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.,
    967 F.3d 1353 (Fed. Cir. 2020)........................................................................................3

Bayer Healthcare Pharms., Inc. v. Watson Pharms., Inc.,
    713 F.3d 1369 (Fed. Cir. 2013)......................................................................................10

Carrier Corp. v. Goodman Glob., Inc.,
    162 F.Supp. 3d 345 (D. Del. 2016)................................................................................10

Deere & Co. v. Bush Hog, LLC,
    703 F.3d 1349 (Fed. Cir. 2012)........................................................................................1

Dow Chem. Co. v. Mee Indus., Inc.,
    341 F.3d 1370 (Fed. Cir. 2003)........................................................................................8

Intendis GmbH v. Glenmark Pharms. Inc., USA,
    822 F.3d 1355 (Fed. Cir. 2016)........................................................................................6

Jang v. Boston Sci. Corp.,
    872 F.3d 1275 (Fed. Cir. 2017)........................................................................................7

Kewazinga Corp. v. Microsoft Corp.,
    --- F. Supp. 3d ---, 18-CV-4500, 2021 WL 4066596 (S.D.N.Y. Sept. 1, 2021)........................2

Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.,
    895 F.2d 1403 (Fed. Cir. 1990)........................................................................................8

Mentor Graphics Corp. v. EVE-USA, Inc.,
    851 F.3d 1275 (Fed. Cir. 2017)........................................................................................8

*Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*,
357 F.3d 1319 (Fed. Cir. 2004)..........................................................................................9

*Orexigen Therapeutics, Inc. v. Actavis Lab'ys FL, Inc.*,
No. 15-cv-451-RGA, 2017 WL 2221178 (D. Del. May 19, 2017)...........................................2

*SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*,
225 F.3d 1349 (Fed. Cir. 2000)........................................................................................10

*Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*,
No. 16-284-LPS, 2019 WL 3240521 (D. Del. July 18, 2019)...................................................7

*Sowell v. Butcher & Singer, Inc.*,
926 F.2d 289 (3d Cir. 1991)............................................................................................8

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
90 F.3d 1558 (Fed. Cir. 1996)..........................................................................................4

*Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*,
212 F.3d 1377 (Fed. Cir. 2000)..........................................................................................2

*Walden v. Georgia-Pac. Corp.*,
126 F.3d 506 (3d Cir. 1997)............................................................................................7

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
520 U.S. 17 (1997)..........................................................................................................1

**Statutes, Rules, and Regulations**

Fed. R. Evid. 103(b)..........................................................................................................7

I.      **INTRODUCTION**

NexStep seeks to defend its doctrine of equivalents ("DOE") infringement theory by arguing literal infringement, a claim the jury squarely rejected.  Further, there is no support for NexStep's DOE theory because multiple discrete actions cannot constitute a "single action" and because Dr. Selker failed to support that theory with particularized testimony linking NexStep's theory to both the claim language and the accused My Account app.

II.     **THE COURT SHOULD GRANT JMOL OF NONINFRINGEMENT OF THE '009 PATENT UNDER THE DOE OR ALTERNATIVELY A NEW TRIAL**

A.      **The "Single Action" Limitation**

1.      **NexStep's DOE Theory Vitiates the Claim Language**

The jury found infringement of the '009 patent only under the DOE, and the only element for which NexStep presented a DOE infringement theory was the "single action" requirement. (Br. § III(A).)  NexStep's theory that "*several* button presses" is equivalent to a "single user action" vitiates the claim language, thus failing as a matter of law.  (*Id.* § III(A)(2).)

NexStep first argues that Comcast waived this "defense."  (Opp. § II(C).)  NexStep is incorrect.  "[V]itiation" is simply "a legal determination that 'the evidence is such that no reasonable jury could determine two elements to be equivalent.'"  *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1356 (Fed. Cir. 2012) (quoting *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997)).  Throughout this case, Comcast has always been clear that multiple separate user actions cannot be equivalent to a "single action."  In its interrogatory responses, for example, Comcast rebutted NexStep's DOE position for the '009 patent in part because "[u]nlike in the … claims, the Accused Products require multiple actions to be taken by the subscriber before any specific support center is determined or before device information is forwarded during an alleged support session."  (D.I. 201-1, Ex. 3 (Comcast Interrogatory), at 172.)  Similarly, in Dr. Villasenor's noninfringement rebuttal report, he stated that "Dr. Selker's analysis under the

1

doctrine of equivalents is ... improper because it ignores requirements—the required 'single action' and that the single action must *cause* the home gateway to perform a series of method steps—of the asserted claims altogether, and instead asserts that 'multiple single actions' are sufficient." (Ex. 1 (Villasenor Reb.) ¶ 455; *see also id.* ¶¶ 454, 456-59.) And Comcast moved for summary judgment of noninfringement, and to exclude Dr. Selker's opinions, because he "fail[ed] to identify any *single* user action that causes the claimed sequence of events to occur," instead "point[ing] only to *multi*-action 'processes...'" (D.I. 198 (Br.) 14-18; *see also* D.I. 241 (Reply Br.) 5-8.) Accordingly, Comcast's assertion of vitiation bears no resemblance to the issues in *Orexigen* (Opp. 7-8), in which the defendant asserted *for the first time in the pretrial order* that three separate limitations were not satisfied. *Orexigen Therapeutics, Inc. v. Actavis Lab'ys FL, Inc.*, No. 15-451-RGA, 2017 WL 2221178, at *2 (D. Del. May 19, 2017).

NexStep's next argument that "a *sequence* of button pushes" is "not the antithesis of a *single* action" (Opp. 8 (emphasis added)) fails as a matter of law. As Comcast explained, courts have repeatedly rejected attempts to equate singular and plural. (Br. 5-6 (citing *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1339 (Fed. Cir. 2011) ("[A] signal from one source" is not equivalent to "signals from a plurality of sources.") (quotation marks omitted); *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1378, 1382-83 (Fed. Cir. 2000) ("[T]wo springs" are not equivalent to "a single spring."); *Kewazinga Corp. v. Microsoft Corp.*, --- F. Supp. 3d ---, 1:18-CV-4500-GHW, 2021 WL 4066596, at *16 (S.D.N.Y. Sept. 1, 2021) (A "single camera" is not equivalent to "multiple cameras.")).) NexStep does not address *Vehicular Technologies* or *Kewazinga*, and its attempt to distinguish *American Calcar* mischaracterizes that case in two ways. First, the limitation was not "*construed* to require multiple sources" (Opp. 9-10 (emphasis added)); instead, the claim itself recited "a plurality of sources." *Am. Calcar*, 651 F.3d at 1324. Second, the court concluded *both* that "the patent owner failed to provide any

'particularized testimony and linking argument'" (Opp. 10) and that the DOE theory would vitiate the claim language.  *Am. Calcar*, 651 F.3d at 1338-39.

NexStep's cited cases (Opp. 8) do not make up for its failure to address Comcast's cases. In *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, the Federal Circuit affirmed summary judgment of noninfringement under the DOE, recognizing that a DOE "infringement theory … fails if it renders a claim limitation inconsequential or ineffective."  811 F.3d 1334, 1342-1343 (Fed. Cir. 2016).  And *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.* did not involve a stark contrast such as singular versus plural.  *See* 967 F.3d 1353, 1368 (Fed. Cir. 2020) (affirming finding that "***negligibly***-fluorinated microchannel performs the same function, in the same way, and achieves the same result, as a ***non***-fluorinated microchannel" (emphases added)).

NexStep's attempts to analogize a series of separate button presses to throwing a baseball, dialing a phone, or unlocking a safe (Opp. 8) are irrelevant and off point.  Those activities are not at issue here, and there is no dispute that ***each*** individual button press or screen tap is a ***single*** user action.  (*See, e.g.*, *id*. 1-3 (equating a "single button push" to a "single action"), 4 ("a single tap is a single action").)  The question here is whether a ***sequence*** of ***multiple*** user actions (button presses or screen taps) can be equivalent to the required "***single*** action."  As a matter of law, it cannot.

NexStep's reliance on the specification (*id*. 9-10) is similarly irrelevant and wrong. NexStep states that "[t]he preferred embodiments … all include several button pushes," and in particular that Figures 14A, 14B, and 15 "confirm that the claimed process can include multiple button pushes from the user as part of a single action." (*Id*. 9.)  But neither those figures nor the corresponding passages of the specification say that a ***series*** of single user actions perform the four claimed events, causing a "home gateway" to: "buffer device identification information for [a] selected consumer device," "determine a support center for a support session," and "forward automatically the consumer device identification information during the support session." (JTX-

2, Fig. 14A, Fig. 14B, Fig. 15, 3:40-44, 13:56-14:3, 23:1-21, 23:30-33.)  In fact, the specification

describes a "single action" in a manner consistent with Comcast's position: "[t]he single action

could be a button press, a single or double tap of a pad, a wave of the device or spoken word(s)."

(*Id.* 12:15-24; *see also id.* 4:33-42 (A concierge device "can accept single user actions … such as

button presses, menu selections or verbal responses to … verbal prompts.").)

**2.      Dr. Selker's Testimony Is Not Substantial Evidence**

NexStep's DOE theory is also unsupported by substantial evidence because Dr. Selker's

testimony did not provide the "particularized" "linking argument" required.  (Br. § III(A)(3) (citing

*AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320 (Fed. Cir. 2007); *Texas Instruments Inc. v.*

*Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996)).)

**Alleged "function"**:  Dr. Selker did not explain what "several button presses" he was

referring to, or what "home gateway" they allegedly collectively cause to perform the four required

steps.  (D.I. 346-349 Trial Tr. ("Tr.") 383:25-385:15.)  NexStep's only response is to cite testimony

that Dr. Selker did ***not*** "link" to his DOE theory.  (Opp. 5-6 (citing Tr. 340:11-349:15).)

**Alleged "way"**:  Dr. Selker did not explain how "several button presses" is the same "way"

as a "single action," and instead testified as to "authorization," which is not recited in the claims.

(Tr. 384:13-385:1.)   And NexStep's description of the alleged "way" is directly contrary to

Dr. Selker's "several button presses" DOE theory: "[T]he Concierge device is used to authorize

and commence a single streamlined process by accessing functionality located in the cloud that

proceeds ***without further actions from the customer***."  (Opp. 6 (emphasis added).)

**Alleged "result"**: Dr. Selker failed to tie his "several button presses" to the claimed four

specific steps.  (Tr. 385:2-9.)  Again, NexStep simply incorporates other testimony that Dr. Selker

did not "link" to his DOE theory.  (Opp. 7 (citing Tr. 323:4-326:16, 368:9-372:4).)

4

### 3.    NexStep Failed to Prove the "Single Action" Limitation Is Satisfied

NexStep's attempts to argue literal infringement are irrelevant to Comcast's motion because the jury rejected NexStep's literal infringement.  NexStep's literal infringement position is also unfounded, as explained in Comcast's opposition to NexStep's renewed motion for judgment as a matter of law.  (D.I. 357 (Opp.) § IV.)  NexStep repeats its errors here.

***First***, NexStep did not prove any "single action [that] triggers the specific functionality of the asserted claims."  (Opp. 2.)  To the contrary, Comcast presented substantial evidence supporting the jury's verdict of no literal infringement, and NexStep's evidence failed to establish any of those "infringement scenarios."[1]  (D.I. 357 (Opp.) § IV(A)(2)-(3).)

***Second***, it is irrelevant whether any customer support process in the My Account app is "***started*** by a single button push."  (Opp. 2 (emphasis added).)  As Dr. Selker conceded, the claims require that the ***same*** single button push (or other action) cause all four required steps, which the jury found NexStep failed to prove.  (Br. 3-4; D.I. 357 (Opp.) § IV(A).)

***Third***, NexStep mischaracterizes the claims.  The question is not "how many actions are needed to initiate the troubleshooting protocol," as NexStep asserts (Opp. 2-3), but how many actions are needed to "caus[e]" the "home gateway" to perform the four required steps.  On that, the claims are clear—a "***single*** action."  (*See* Tr. (Selker) 449:13-451:3.)

***Fourth***, Dr. Selker's testimony does not support NexStep's positions.  (Opp. 3-4 (citing Tr. 342:19-349:15).)  The cited transcript pages do not contain any reference to a "continue" button or a "Run Diagnostics" button, and Dr. Selker's lone mention of Xfinity Assistant in those pages acknowledges the use of multiple user actions.  (Tr. 345:5-14 ("Well, so you know, I say the single

---

[1] NexStep claims Comcast "studiously ignored" NexStep's video of Dr. Selker "opening the Xfinity Assistant."  (Opp. 2.)  But Comcast's witnesses explained in detail why "opening the Xfinity Assistant" does not satisfy the "single action" requirement.  (D.I. 357 (Opp.) 6, 8-10.)

action is pressing Xfinity Assistant, however, as soon as we get to this internet issues, we also make a single -- single button press to go for more details ….").)  Likewise, the passage NexStep describes as "Dr. Selker's testimony on the functionality of the set top box" (Opp. 4) says only that it "comes loaded, preloaded with My Account and you can use the remote control on that set-top box to make things happen. Reset. Restart" (Tr. 328:8-329:3.)

### B.   NexStep Failed to Prove Additional Limitations

Comcast's opening brief also explained that NexStep failed to prove the "buffering" limitation is satisfied by any "home gateway."   (Br. § III(B)(3).)[2]   NexStep's response—that Dr. Selker testified that device information is buffered in Comcast's systems (Opp. § II(D)(3))—misapprehends Comcast's argument.   The claims of the '009 patent do not simply require "buffering"—they require buffering by the *same* "home gateway" that *also* performs *three other* required steps in response to the *same* "single action."   The inscrutable testimony NexStep cites does not demonstrate otherwise.  (*Id.* 11 (citing, *e.g.*, Tr. 354:6-19 ("[W]e've got this buffered information that comes to bear on Convoy where it's figuring out what's going on and then it goes down to customer management, whatever CMT.") (describing PTX-68)).)

### C.   NexStep's DOE Theory Is Precluded By Ensnarement

NexStep is precluded from reliance on the DOE because it failed to "carr[y] its burden" to "construct[] a hypothetical claim that literally covers the accused" My Account app and "persuad[e] the court that the hypothetical claim is patentable over the prior art."  (Br. § III(C) (quoting *Intendis GmbH v. Glenmark Pharms. Inc., USA*, 822 F.3d 1355, 1363 (Fed. Cir. 2016)).)

---

[2] NexStep's only response regarding the "responsive to" requirement (Br. § III(B)(1)) is to incorporate its response to Comcast's *Daubert* argument (Opp. § II(D)(1).)  That issue is discussed in § II.D, *infra*.  The issues raised by NexStep's discussion of the "determine a support center" limitation (Opp. § II(D)(2)) are addressed in Comcast's opening brief (Br. § III(B)(2)) and in Comcast's opposition to NexStep's renewed JMOL motion (D.I. 357 (Opp.) § IV(B)(2).)

NexStep does not dispute that it bore that burden.  Instead, NexStep claims that "Dr. Selker gave an opinion that, to the extent the asserted claims required any broadening at all to cover a single action consisting of several taps, the broadened hypothetical claim still would not cover the prior art, even if the entire Single Action Element were removed from the claim."  (Opp. 12.)  This surprising assertion is belied by Dr. Selker's report, which does not say anything about "several taps" (or "several button presses") or "removal" of the "single action" requirement, or include any hypothetical claim language.  (*Id.* at 12 (quoting D.I. 328-1, Ex. 2 (Selker Reply), ¶ 193).)

NexStep's view that a statement of disagreement is enough to address ensnarement does not remotely approach a legitimate hypothetical claim analysis, which requires the patentee to actually "construct a hypothetical claim."  *Jang v. Boston Sci. Corp.*, 872 F.3d 1275, 1287 (Fed. Cir. 2017); *see also, e.g.*, *Siemens Mobility, Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 16-284-LPS, 2019 WL 3240521, at *12 (D. Del. July 18, 2019) ("Incorporating Siemens' proposed hypothetical claim language into the actual claim, the hypothetical claim the Court will adopt for purposes of the ensnarement defense is shown below …..").  Further, "[t]he hypothetical claim … must involve only a slight broadening of the actual claim."  *Siemens*, 2019 WL 3240521, at *11.  The removal of the "single action" requirement is not a "slight broadening."

### D.      Dr. Selker's "Single Action" Testimony Should Have Been Excluded

Because Dr. Selker's testimony was inconsistent with the plain meaning of "single," it should have been excluded under *Daubert*.[3]  (Br. § III(D).)  NexStep's response elides that issue, addressing the longer phrase "responsive to a single action" (Opp. 14) with no acknowledgment of the inconsistency between Dr. Selker's "single action" testimony and his admission that "single" means one.  (Tr. 449:13-451:3.)  Similarly, NexStep fails to address the fact that Judge Fallon's

---

[3] NexStep is incorrect that Comcast waived the issue by not reasserting its objection.  *See* Fed. R. Evid. 103(b); *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 517 (3d Cir. 1997).

recommendation improperly relies on the inventor's professed subjective intent.  (Br. 13-14.)

## III.    THE COURT SHOULD GRANT JUDGMENT OF NO DAMAGES

Judgment of no damages is appropriate because NexStep did not present any admissible

evidence of damages.  (Br. 14-15 (citing *Lindemann Maschinenfabrik GmbH v. Am. Hoist &*

*Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990)).)  NexStep cites *Dow Chem. Co. v. Mee Indus.,*

*Inc.*, 341 F.3d 1370, 1382 (Fed. Cir. 2003), and *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1328-

30 (Fed. Cir. 2014), to claim that a damages award is always required.  (Opp. 15.)  Not so.  Unlike

in this case, damages evidence was presented to the jury in both *Dow* and *Apple*.  *See Dow*, 341

F.3d at 1382 n.4 (license agreement); *Apple*, 757 F.3d at 1328-30 (cost of design-around, among

other evidence).   And in *Apple*, the Federal Circuit expressly acknowledged that "in a case

completely lacking any evidence on which to base a damages award, the record may well support

a zero royalty award."  *Apple*, 757 F.3d at 1328-30.  This is such a case.

NexStep also argues that judgment is procedurally improper because the jury did not

consider damages (Opp. 15), but NexStep—not Comcast—bore the burden of proving damages.

The Court's pretrial determination that NexStep's damages evidence was inadmissible does not

relieve NexStep of its burden of proof.  Judgment of no damages is proper under either Rule 50(b)

or Rule 59(e) in view of NexStep's failure to meet that burden.[4]

## IV.    IF THE COURT UPHOLDS THE VERDICT OF INFRINGEMENT OF THE '009 PATENT UNDER THE DOE, IT SHOULD GRANT JMOL OF INVALIDITY

### A.    The Court Should Enter JMOL of Obviousness

As Comcast explained, no reasonable jury could find the asserted claims of the '009 patent

---

[4] NexStep attempts to distinguish *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 302 (3d Cir. 1991) (affirming judgment of no liability, because "the [non-patent] claims themselves require[d] 'proof of damages flowing from the defendants' conduct.'"  (Opp. 16.)  But "compensatory [patent] damages …should be treated no differently than the compensatory damages in other fields of law."  *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1284 (Fed. Cir. 2017).

nonobvious in light of the combination of the Hofrichter and Werth references.  (Br. § V(A).)  As Dr. Villasenor testified, the Hofrichter and Werth references together disclose all the elements of the claims, it would have been obvious to combine them in light of their similar teachings, doing so would not have required experimentation, and one of ordinary skill in the art would have been motivated to combine them given that in the ten years between them, the industry had moved toward cloud-based technologies such as those of Werth, as Dr. Stepanian admitted.  (*Id.* 15-17.)

NexStep argues that Dr. Villasenor failed to address the "concierge device" requirement because he did not explain ***Werth's*** "aggregator agent" in detail.  (Opp. 17.)  But Dr. Villasenor testified that ***Hofrichter's*** "content/application download system" satisfies the various "concierge device" requirements.   (Tr.  659:13-663:4.)   Similarly, NexStep's criticism regarding the "determine a support center" requirement is premised on a mischaracterization of Dr. Villasenor's testimony as relating to "downloading a file or a manual in advance of a problem" (Opp. 17); in fact, Dr. Villasenor explained that Hofrichter discloses the use of "multiple different [web addresses] … depending on the device to be supported."  (Tr. 661:19-662:4.)

NexStep's argument regarding Comcast's reliance on "building blocks" (Opp. 17-18) is likewise meritless.  Comcast does not assert that that those "building blocks" supply any missing limitations.  Instead, they are relevant to motivation to combine.  *See Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1337 (Fed. Cir. 2004) ("The motivation to combine can be … implicit in the knowledge of one of ordinary skill in the art.").

## B.       NexStep's Secondary Considerations Evidence Should Have Been Excluded

NexStep's evidence of alleged secondary considerations of nonobviousness consists of Dr. Balakrishnan's vague testimony about IBM documents that say nothing about the claimed invention of the '009 patent; that evidence should have been excluded.  (Br. § V(B).)

NexStep's  argument  is  entirely  conclusory;  it  describes  Dr.  Balakrishnan  having

"identif[ied] specific passages in the IBM documents describing NexStep's technology," but quotes neither that testimony nor those documents.  (Opp. § IV(B).)  In fact, none of that alleged evidence has any relationship to anything in the claims of the '009 patent.[5]   Rather, Dr. Balakrishnan testified that PTX-797 evidenced IBM "saying that something is substantial and important" but did not connect that "something" to the '009 patent (Tr. 760:5-762:4), and testified that PTX-1178 "talk[s] about the functionality as described in the '009 patent" but did not identify any aspect of the claims of the '009 patent supposedly praised in PTX-1178 (*Id.* 758:22-759:23.)

NexStep's attempt to distinguish Comcast's cited authority is similarly unsuccessful.  Contrary to NexStep's portrayal (Opp. 20), both *Carrier* and *SIBIA* were premised on failure to prove a nexus between the asserted patents and the alleged secondary considerations.  *See Carrier Corp. v. Goodman Glob., Inc.*, 162 F. Supp. 3d 345, 379-80 (D. Del. 2016) (granting new trial in part because the patentee "did not provide legally sufficient evidence that the Infinity System" underlying the asserted secondary considerations "practices the asserted claims"); *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1358-59 (Fed. Cir. 2000) ("SIBIA has failed to point to any evidence establishing a nexus between the licensing activity and the merits of the claimed screening method.").  And NexStep makes no attempt whatsoever to address the fact that because IBM and NexStep were "partners," IBM's documents constitute "self-referential commendation" rather than "true industry praise."  (Br. 19 (quoting *Bayer Healthcare Pharms., Inc. v. Watson Pharms., Inc.*, 713 F.3d 1369, 1377 (Fed. Cir. 2013)).)

V.     **CONCLUSION**

For the reasons set forth in Comcast's opening brief and herein, the Court should grant JMOL of noninfringement of the '009 patent under the DOE and no damages.

---

[5] The Court already rejected NexStep's argument that NexStep's filing of a provisional patent application is relevant to industry praise.  (Br. 18 n.10 (citing Tr. 568:12-569:7).)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

William F. Lee
Sarah B. Petty
Kate Saxton
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA  02109
(627) 526-6000

Amy Kreiger Wigmore
WILMER CUTLER PICKERING HALE
    AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC  20006
(202) 663-6096

Mary (Mindy) V. Sooter
Nora Q.E. Passamaneck
WILMER CUTLER PICKERING HALE
    AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO  80202
(720) 274-3135

November 16, 2021

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 16, 2021, upon the following in the manner indicated:

Philip A. Rovner, Esquire                                    *VIA ELECTRONIC MAIL*
Jonathan A. Choa, Esquire
POTTER ANDERSON & CORROON, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Paul J. Andre, Esquire                                       *VIA ELECTRONIC MAIL*
Lisa Kobialka, Esquire
Greg Proctor, Esquire
Hien Lien, Esquire
Missy G. Brenner, Esquire
James Hannah, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
*Attorneys for Plaintiff*

Jonathan S. Caplan, Esquire                                  *VIA ELECTRONIC MAIL*
Aaron M. Frankel, Esquire
Marcus A. Colucci, Esquire
Benu Wells, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
*Attorneys for Plaintiff*


                                              */s/ Jack B. Blumenfeld*
                                              _____
                                              Jack B. Blumenfeld (#1014)