IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEXSTEP, INC.,<br><br>                                   Plaintiff;<br><br>      v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>                                   Defendant. | Civil Action No. 19-1031-RGA |

## MEMORANDUM OPINION

Philip A. Rovner, Jonathan A. Choa, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Paul J. Andre, Lisa Kobialka, James Hannah, KRAMER LEVIN NAFTALIS & FRANKEL LLP, Menlo Park, CA; Jonathan S. Caplan, Aaron M. Frankel, Marcus A. Colucci, KRAMER LEVIN NAFTALIS & FRANKEL LLP, New York, NY;

     Attorneys for Plaintiff.

Jack B. Blumenfeld, Brian P. Egan, Andrew M. Moshos, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; William F. Lee, Sarah Beigbeder Petty, Kate Saxton, WILMER CUTLER PICKERING HALE AND DORR LLP, Boston, MA; Amy Kreiger Wigmore, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, DC; Mary (Mindy) V. Sooter, Nora Q.E. Passamaneck, WILMER CUTLER PICKERING HALE AND DORR LLP, Denver, CO;

     Attorneys for Defendant.

November 17, 2021

1

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is Comcast's motion to strike NexStep's new damages theories. (D.I. 317). I heard oral argument via teleconference on September 17, 2021. After reviewing Comcast's letter (D.I. 318), NexStep's response (D.I. 321), and the documents discussed at oral argument, which are available as exhibits to D.I. 326, I indicated that I would grant Comcast's motion. (D.I. 363). This opinion provides a fuller explanation of my decision.

**I.   BACKGROUND**

Plaintiff NexStep filed this lawsuit against Defendant Comcast, alleging infringement of several patents relating to personal computing devices and services. The parties cross-moved for summary judgment and to exclude the opposing party's expert reports. (D.I. 196, 197). On September 16, 2021, I issued an order granting Comcast's motion to exclude the expert opinion of NexStep's expert, Mr. Reading, regarding the hypothetical negotiation of cost savings associated with the Customer Troubleshooting Patents. (D.I. 314).

The next day—the Friday before the trial—the parties met and conferred regarding NexStep's damages theories. (D.I. 318 at 1). Subsequently, Comcast filed a motion to strike new damages theories (D.I. 317) with a letter in support (D.I. 318) claiming that at the meet and confer, "NexStep was unable to identify what the new alleged royalty rate would be." (*Id.* at 1).

On Friday afternoon, NexStep responded with a description of its damages theory. (D.I. 321). NexStep proposed that NexStep's CEO, Dr. Stepanian, would give fact testimony that NexStep's business plan during the relevant timeframe identified a 30% royalty rate for the Customer Troubleshooting patents and Mr. Reading would give an expert opinion "establishing what the cost savings would be and the parties' positioning at the hypothetical negotiation." (D.I. 321 at 1, 4).

2

The parties disputed the extent to which the facts and theories underlying NexStep's proposed damages case were disclosed during discovery. The issue is whether NexStep met the disclosure requirements of Rule 26, and, if not, whether I should nevertheless allow the evidence at trial under Rule 37(c)(1).

## II.     LEGAL STANDARD

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure provides for initial discovery disclosures including:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Rule 26(a) "does expressly require an initial computation and disclosure of the evidence that will be relied on to the full extent the patent plaintiff could or should know of it." *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, 2012 WL 5504036 at *2 (N.D. Cal. Nov. 13, 2012).

"If a party fails to provide information or identify a witness as required by Rule 26(a) …, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The decision to exclude testimony at trial is a "decision peculiarly within the discretion of the trial judge." *DCK TTEC, LLC v. Postel Indus., Inc.*, 602 F. App'x 895, 898 (3d Cir. 2015) (internal citations omitted). In the Third Circuit, courts consider the *Pennypack* factors to determine whether exclusion of evidence is appropriate: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order." *Konstantopoulos v.*

3

*Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)).

**III.   DISCUSSION**

Comcast argued that NexStep failed to meet its Rule 26 disclosure requirements because NexStep had not previously identified a 30% royalty rate. (D.I. 318 at 1-2). Comcast also argued that NexStep should be precluded from offering Dr. Stepanian's testimony because NexStep represented in interrogatories that the damages theory would be a matter of expert testimony, not testimony from a fact witness. (*Id.* at 2). Finally, Comcast asserted that NexStep could not offer any of Mr. Reading's opinions regarding the hypothetical negotiation based on my September 16th order. (*Id.* (citing D.I. 196)).

NexStep responded that a business plan slide deck supporting a 30% royalty rate was included in NexStep's response to Comcast's Interrogatory No. 2. That interrogatory "related to the earliest making, using, selling, offering for sale, and disclosure" of the inventions at issue. (D.I. 321 at 3; *see* D.I. 326-1 Ex. 3 at 19). Part of the response to the interrogatory, dated November 27, 2020, was by citation to documents pursuant to Rule 33. One such cited document was the slide deck. The slide deck—along with the rest of Interrogatory No. 2—was then incorporated by reference in the response, dated December 23, 2020, to Interrogatory No. 9, requesting NexStep's damages documents. (D.I. 326-1, Ex. 6 at 9 ("NexStep incorporates by reference its response to Interrogatory No. 2 regarding the benefits of the technology of the Asserted Patents.")). Furthermore, NexStep argued that Comcast had the opportunity to depose Dr. Stepanian regarding his licensing efforts and failed to ask about the business plan slide deck. (D.I. 326 at 4). Finally, NexStep asserted that my September 16th order only struck a portion of Mr. Reading's report. (*Id.* at 3-4).

4

The Federal Circuit recently considered Rule 26 disclosure of damages in *MCL Intell. Prop., LLC, v. Micron Tech., Inc.*, 10 F.4th 1358 (Fed. Cir. 2021).  In that case, the district court struck portions of an expert report because the plaintiff, MCL, failed to disclose "what it believed was an appropriate royalty rate, that it believed the Hynix and Toshiba licenses reflect a 0.25% royalty rate, and the extrinsic evidence on which [the expert] relied in support of his belief."  *Id.* at 1369.

The Federal Circuit found that the district court erred in its finding that Plaintiff had not produced the licenses but upheld the district court's decision as "well within its discretion" because, despite the production of the licenses, there was no way for defendant to know that the licenses reflected a .25% royalty rate.  *Id.* at 1370.  In short, the district court did not err in requiring the plaintiff's Rule 26(a) damages disclosure to include the royalty rate and the factual underpinnings of the rate.  *Cf. Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp*., 2017 WL 2840279, at *4 n.8 (S.D.N.Y. June 27, 2017) (requiring the plaintiff to "provide sufficient detail to explain its calculations for each category of damages claimed, to identify the documents or other evidentiary materials that provided the bases for the calculations, … and to tie each step of its calculation to the specific documents or other evidentiary materials that support it." (cleaned up)).

In the case at hand, NexStep proposed a new hypothetical negotiation theory on the last business day—a Friday—before trial.  The previous hypothetical negotiation started at an arbitrary 50/50 split (which I excluded, D.I. 314) and was adjusted to a 40% royalty rate based on the expert's consideration of the *Georgia Pacific* factors.  (*See* D.I. 216 Ex. V ¶ 379).  Under NexStep's new theory, the hypothetical negotiation would be determined based on NexStep's plan for a 30% royalty based on factual testimony and the jury's consideration of an appropriate

5

adjustment based on expert testimony about the *Georgia Pacific* factors.[1]  (D.I. 321).  NexStep argued that each piece of the new damages theory was disclosed in some fashion—the slide deck[2] was incorporated by reference into the damages interrogatory and Comcast had the opportunity to depose Dr. Stepanian about his licensing efforts.  (D.I. 326 at 2-4).  Despite this piecemeal disclosure, I find that NexStep did not meet the disclosure requirements of Rule 26(a).  NexStep failed to "to tie each step of its calculation to the specific documents or other evidentiary materials that support it."  *Shanghai Weiyi Int'l Trade Co.*, 2017 WL 2840279, at *4 n.8 (cleaned up).  It is not as though NexStep provided alternative damages theories, and the exclusion of one leaves another one to be litigated.  NexStep simply has cobbled together a new theory using some parts of the old theory and some parts that were previously ignored by both sides.

The *Pennypack* factors counseled in favor of my decision to exclude NexStep's damages theory under Rule 37(c)(1).  There was no bad faith on NexStep's part, but the inclusion of such evidence would have been prejudicial to Comcast and Comcast would have been unlikely to be able to cure that prejudice.  Comcast had been preparing to respond to an expert's opinion on NexStep's royalty rate, not factual testimony.  Allowing the new theory would have meant that Comcast could not have obtained targeted discovery around the factual basis of the theory.  *See Agence France Presse v. Morel*, 293 F.R.D. 682, 686 (S.D.N.Y. 2013) (noting that courts have precluded plaintiffs' damages theories "where a party's failure to disclose its damages theory in a

---

[1] I have serious doubts that NexStep's proposal could provide sufficient evidence that would lead to a jury verdict that could be upheld.  The 30% royalty rate—which essentially appears to be a number plucked out of thin air and written by Dr. Stepanian into a business plan—could represent what Dr. Stepanian wanted.  What about what Comcast wanted, though?  Without expert testimony, there is no basis for a starting point to which an expert can apply the *Georgia Pacific* factors.  Without a starting point, talking about adjustments makes no sense.

[2] The relevant pages of the slide deck are at D.I. 326-1, Ex. 2 at 248 & 256 of 268.

timely manner prevented its adversary from pursuing discovery targeted at that theory."). It is irrelevant that Comcast could have asked Dr. Stepanian pertinent questions at his deposition. Comcast had no reason to ask questions about a theory that NexStep had not yet thought of or disclosed. Further, NexStep's new theory would require the jury to speculate about the ultimate royalty rate based on testimony from NexStep's witnesses, and Comcast should have had the opportunity to prepare and present its own witnesses in rebuttal. The orderly and efficient trial of the case had already been disrupted, as, instead of one trial with liability and damages, we tried the liability portion since there was no possibility of ameliorating the prejudice to Comcast the weekend before trial. Thus, I found that exclusion was appropriate under Rule 37(c)(1).

## IV.   CONCLUSION

An appropriate order will issue.